PEOPLE v PHILLIPS

Docket No. 230811. Submitted May 8, 2001, at Lansing. Decided May 25, 2001, at 9:00 A.M. Leave to appeal sought.

Paul L. Phillips, Jr., charged with second-degree murder in the Saginaw Circuit Court, Frederick L. Borchard, J., was ordered by the court to produce for the prosecution written reports from the defendant's expert witnesses, none of whom had prepared a report. The defendant appealed by leave granted.

The Court of Appeals *held*:

1. Among those for which MCR 6.201(A) requires mandatory disclosure upon request of a party is "any report of any kind produced by or for an expert witness whom the party intends to call at trial." Only written reports that have already been produced are subject to mandatory disclosure. Further, an expert witness' nonwritten observations and conclusions are not discoverable.

2. Although MCR 6.201(I) provides that a court, on good cause shown, may order a modification of the requirements and prohibitions of MCR 6.201, no such showing was made in this case.

Reversed and remanded.

CRIMINAL LAW — DISCOVERY — EXPERT WITNESSES — REPORTS.

The court rule that provides for mandatory disclosure, upon request of a party, of any report of any kind produced by or for an expert witness to be called at trial applies only to written reports that have already been produced; the court rule does not mandate the creation of a report where none exists (MCR 6.201[A][3]).

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Michael D. Thomas*, Prosecuting Attorney, and *Janet M. Boes*, Assistant Prosecuting Attorney, for the people.

*Joseph S. Harrison* and *Hugh R. LeFevre*, for the defendant.

Before: Holbrook, Jr., P.J., and Hood and Griffin, JJ.

Per Curiam. Defendant appeals by leave granted an order compelling him to produce reports created by his expert witnesses to the prosecutor, when no such reports were created or existed. Defendant was charged with second-degree murder, MCL 750.317, arising out of a single-vehicle accident that resulted in the death of defendant's passenger. We reverse.

The prosecutor argues that MCR 6.201 allowed the judge to compel defendant to create reports from his expert witnesses. We disagree.

Questions of law are reviewed de novo by this Court. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). MCR 6.201(A)(3) provides:

> Mandatory Disclosure. In addition to disclosures required by provisions of law other than MCL 767.94a; MSA 28.1023(194a), a party upon request must provide all other parties:
>
> *          *          *
>
> (3) any report of any kind produced by or for an expert witness whom the party intends to call at trial[.]

The plain language of the court rule provides that only reports "produced" by the defendant's experts are subject to disclosure. "Reports" necessarily mean only written reports that have actually been "produced." There is no requirement for an expert to actually create a physical report, and an expert may testify based solely on observations obtained at trial. MRE 703; *Webb, supra* at 277.

The Supreme Court has determined that an expert witness' nonwritten observations and conclusions are

not discoverable. *People v Elston*, 462 Mich 751, 759, 762; 614 NW2d 595 (2000). Further, this Court has previously determined that only statements actually written and adopted by lay witnesses are discoverable. *People v Tracey*, 221 Mich App 321, 324; 561 NW2d 133 (1997). Therefore, the prosecutor was not entitled to the unwritten observations of defendant's expert witnesses, and the trial court erred in construing MCR 6.201.

The prosecutor next argues that the trial court has the authority to modify the rules and did so in the case at bar. We disagree. The admissibility of expert witness testimony is in the trial court's discretion and will not be reversed on appeal absent an abuse of that discretion. *People v Smith*, 425 Mich 98, 106; 387 NW2d 814 (1986). However, the court rule is specific: "On good cause shown, the court may order a modification of the requirements and prohibitions of this rule." MCR 6.201(I). The trial court did not show why good cause existed and apparently did not base its decision on good cause modification but rather on the trial court's discretion. The trial court abused its discretion in compelling defendant to create expert reports where none existed because the prosecutor was not entitled to the disclosure.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.