PEOPLE v SMITH (ON REMAND)

Docket No. 209326. Submitted December 28, 2001, at Lansing. Decided February 12, 2002, at 9:10 A.M.

Steven D. Smith was convicted by a jury in the Washtenaw Circuit Court, David S. Swartz, J., of first-degree criminal sexual conduct, armed robbery, possession of a firearm by a felon, and possession of a firearm during the commission of a felony. The defendant appealed, alleging, in part, error in the admission of evidence. The Court of Appeals, WHITBECK, P.J., and HOEKSTRA and OWENS, JJ., affirmed, holding that although the trial court erred in admitting certain bad acts testimony, the error in admitting that evidence was harmless under the "more probable than not" test of *People v Lukity*, 460 Mich 484 (1999), and that although the trial court erred in admitting hearsay statements made by the defendant's wife, the error in admitting that evidence was also harmless. 243 Mich App 657 (2000). The defendant sought leave to appeal to the Supreme Court, which, while retaining jurisdiction, remanded the case to the Court of Appeals for further consideration and the issuance of a supplemental opinion in which the Court of Appeals should differentiate between the harmless error standard to be applied to a constitutional error and the standard to be applied to a nonconstitutional error and should "consider separately whether the properly admitted evidence of guilt supports the conclusion that the constitutional error was harmless." 465 Mich 928 (2001).

On remand, the Court of Appeals *held*:

1. The previous opinion in this case demonstrates that the Court of Appeals was aware of the two different harmless error standards: the "more probable than not" standard to be applied to errors that implicate no constitutional right and the "harmless beyond a reasonable doubt" standard that is to be applied to errors that implicate a constitutionally protected right. That opinion also clearly demonstrates that the Court of Appeals was aware that the more restrictive "harmless beyond a reasonable doubt" standard should be applied with respect to the issue concerning the admission of the hearsay statements made by the defendant's wife.

2. Although the failure to outline all the evidence other than the hearsay statements that established guilt beyond a reasonable

doubt and the unfortunate reference to the reasons supporting the finding of harmless error with respect to the improper admission of the bad acts evidence that implicated no constitutional right may have suggested that the wrong harmless error standard had been applied with respect to the admission of the hearsay evidence that did implicate a constitutional right, the Court of Appeals did, in fact, apply the more restrictive "beyond a reasonable doubt" standard. The other evidence adduced at trial was so convincing of guilt that there was no reasonable possibility that the impermissible hearsay evidence might have contributed to the conviction.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney, and *Lenore M. Ferber*, Assistant Prosecuting Attorney, for the people.

*Carolyn A. Blanchard*, for the defendant on appeal.

ON REMAND

Before: WHITBECK, P.J., and HOEKSTRA and OWENS, JJ.

PER CURIAM. A jury found defendant Steven Dwain Smith guilty of first-degree criminal sexual conduct,[1] armed robbery,[2] possession of a firearm by a felon,[3] and possession of a firearm during the commission of a felony[4] for sexually assaulting a student at the University of Michigan at gunpoint and stealing money from her wallet. Smith appealed his convictions as of right, and this Court affirmed in *People v Smith*.[5]

Smith then appealed to the Supreme Court. The Supreme Court, while retaining jurisdiction, has remanded to this Court so that it may clarify its previ-

[1] MCL 750.520b(1)(e).
[2] MCL 750.529.
[3] MCL 750.224f.
[4] MCL 750.227b.
[5] *People v Smith*, 243 Mich App 657; 625 NW2d 46 (2000).

ous decision. Of concern to the Supreme Court is the possibility that this Court articulated the correct legal standard for determining whether a preserved constitutional error is harmless, but applied the lesser standard that is relevant to preserved nonconstitutional error in order to find the error at issue harmless.

*People v Anderson (After Remand)*[6] established that the party that benefits from an error, *constitutional* in nature and preserved for appeal, must demonstrate on appeal that "there is no " 'reasonable possibility that the evidence complained of might have contributed to the conviction." ' "[7] In contrast, *People v Lukity*[8] holds that an error, *nonconstitutional* in nature and preserved for appeal, is subject to reversal only when " 'after an examination of the entire cause, it shall affirmatively appear' that it is more probable than not that the error was outcome determinative."[9] Substantively, these two standards differ concerning which party bears the burden of persuading the appellate court that the error was harmless and regarding the degree to which the appellate court must be convinced that the error is harmless before it may affirm. Without a doubt, *Anderson* articulates the more difficult standard to surpass, which is more favorable to an appellant such as Smith. Thus, the Supreme Court is justifiably concerned any time it suspects that a criminal defendant whose constitutional rights were impinged on at trial

---

[6] *People v Anderson (After Remand)*, 446 Mich 392; 521 NW2d 538 (1994).

[7] *Id.* at 406, quoting *Chapman v California*, 386 US 18, 23; 87 S Ct 824; 17 L Ed 2d 705 (1967), in turn quoting *Fahy v Connecticut*, 375 US 85, 86-87; 84 S Ct 229; 11 L Ed 2d 171 (1963).

[8] *People v Lukity*, 460 Mich 484; 596 NW2d 607 (1999).

[9] *Id.* at 495-496, quoting MCL 769.26.

is forced to satisfy the incorrect standard for reversal on appeal.

In this case, the published opinion demonstrates that this Court was aware of *which* standard to apply to Smith's claim that admitting his wife's untrustworthy statements under MRE 804(b)(6) was error. In articulating the correct standard, this Court cited[10] *People v Carines*,[11] which draws directly from *Anderson* in announcing the harmless error standard for preserved *constitutional* issues.[12] The unintended confusion stems, we believe, from this Court's statement in the *Smith* opinion that

> [w]e would repeat ourselves unnecessarily to outline all the evidence the prosecutor introduced that supported the convictions in this case that had absolutely nothing to do with Wendy Smith's statements to the police or Crystal Smith. For the reasons we found the trial court's decision to admit the evidence concerning the Clarion Hotel robbery harmless, we also find this error harmless.[13]

This Court did not intend to imply that it was applying the lower harmless error standard to preserved *nonconstitutional* issues. Rather, it was referring to the fact that the harmless error standards each set the minimum evidentiary threshold for determining that an error is harmless. In other words, each standard determines the least amount of evidence necessary to convince an appellate court that an error does not require reversal. Logically, every error deemed harmless beyond a reasonable doubt will also satisfy

---

[10] *Smith, supra* at 690.

[11] *People v Carines*, 460 Mich 750; 597 NW2d 130 (1999).

[12] *Id.* at 774.

[13] *Smith, supra* at 690.

the lower "more probable than not" standard. Of course, this rule does not work in reverse; not every error that is deemed unlikely to be outcome determinative will be harmless beyond a reasonable doubt. However, critically, neither harmless error standard establishes an evidentiary ceiling; that is, the maximum evidence necessary to convince the reviewing court that the error was harmless. Thus, in some cases, the evidence necessary to surpass the "more probable than not" standard for preserved nonconstitutional issues articulated in *Lukity* may be so very clear and so very convincing that it goes far beyond the relevant minimum evidentiary threshold and *also* satisfies the "beyond a reasonable" doubt standard for preserved constitutional issues defined in *Anderson*.

This case provides an apt example of the evidence surpassing the *Lukity* harmless error standard for preserved nonconstitutional issues to such an extent that it also satisfied the harmless error standard for preserved constitutional issues in *Anderson*. As the prosecutor points out, not only did the complainant, whom we called Jane Doe, provide compelling testimony regarding the circumstances of the crime, she also described the unique weapon her perpetrator used. One police officer confirmed that the pistol was unlike *any* other he had seen in the twenty-four years he had spent in law enforcement. The police found ammunition for this type of pistol on Smith's dresser. Three Bursley Hall employees also saw a man skulking in the vicinity of the crime immediately before the crime occurred in or near a battered white car. This matched the properly admitted modus operandi evidence from the Slauson Middle School robbery. One of these employees also identified Smith as that man.

Each of these factors supported our decision in this case that the error in admitting the evidence concerning the Clarion Hotel robbery, which was nonconstitutional in nature, was not outcome determinative under *Lukity's* "more probable than not" standard.[14]

In many ways, these factors outlined in the evidence are each more convincing than any identification Doe could have given of her attacker. Much of this testimony related to relatively objective and verifiable factors made without the stress, and therefore without the prospect for misperception, inherent in a traumatic assault. Consequently, in our estimation, these pieces of evidence, which were properly admitted at trial, were *also* so convincing that Smith's wife's statements played such a minor role in the trial that they were harmless beyond a reasonable doubt. This Court's reference to the analysis used for preserved nonconstitutional error when discussing the preserved constitutional issue was not, we freely admit, the best choice of words. The fact that this Court made that reference, however, does not reflect on the proper analysis this Court selected and actually applied to the constitutional issue.

---

[14] *Id.* at 677.