PEOPLE v MATUSZAK

Docket No. 244817. Submitted February 10, 2004, at Detroit. Decided July 13, 2004, at 9:00 A.M.

Theron M. Matuszak pleaded guilty of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(a), in the Tuscola Circuit Court, and was then convicted by a jury of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(f), for acts arising out of the same incident. The court, Patrick R. Joslyn, J., sentenced the defendant to concurrent prison terms of fifteen to thirty years for the CSC I conviction and five to fifteen years for the CSC III conviction. Defendant appealed.

The Court of Appeals *held*:

1. The defendant's convictions of CSC I and CSC III do not violate double jeopardy principles. The rule against successive prosecutions does not apply because the defendant, by pleading guilty to the CSC III charge and then stating no objection to a trial on the CSC I charge, requested separate proceedings on the two charges. The defendant's assertion that the evidence established only one sexual penetration accompanied by numerous aggravating circumstances enumerated in the CSC statute, thus requiring the CSC I conviction to be vacated, is unpreserved and reviewed for plain error. The victim's testimony at the preliminary examination that she was sexually penetrated only once, even if it is insufficient to warrant bindover on two separate CSC charges, is not a ground for reversing the defendant's conviction of CSC I where the victim testified at trial to multiple sexual penetrations, the defendant received a fair trial, and he was not otherwise prejudiced by any alleged error. Moreover, the defendant failed to provide evidentiary support for his claim that he was convicted of CSC I and CSC III on the basis of the same sexual penetration.

2. The trial court did not abuse its discretion in permitting certain disputed testimony of the victim's school psychologist, the victim's mother, or an emergency room nurse. The psychologist's testimony regarding the victim's IQ and comprehension capabilities assisted the jury in evaluating any inconsistencies in the victim's testimony, and did not constitute an opinion regarding the truthfulness of the victim's allegations or in support of her

honesty or integrity. Even if permitting the mother to testify regarding the victim's comprehension test results and her observations of the victim during home schooling rose to a level of constitutional error, it was harmless beyond a reasonable doubt because that testimony was cumulative of the psychologist's admissible testimony. Finally, the nurse's testimony that reiterated the victim's statements about the assault was admissible under MRE 803(4) as statements made for purposes of medical treatment or diagnosis.

3. The defendant failed to establish plain error that affected substantial rights with regard to prosecutorial remarks. The prosecutor's remark that the victim, who was fifteen years of age and menstruating at the time of the assault, was unlikely to initiate sexual activity with the defendant was not plain error because it was a reasonable inference from the evidence and related to the prosecution's theory of the case. The prosecutor's rebuttal remarks that suggested the prosecution seeks only the truth and has special knowledge regarding the veracity of the witnesses while the defense only seeks to exonerate the defendant does rise to the level of plain error. However, reversal is not required where the overwhelming evidence establishes the defendant's guilt, the remarks did not affect the outcome or seriously affect the fairness, integrity, or public reputation of judicial proceedings. In asking the jury to hold the defendant accountable, the prosecution did not argue that the jurors should convict the defendant as part of their civic duty.

4. The defendant waived appellate review of claimed errors regarding the jury instructions when defense counsel expressly stated that he had no objections to the instructions as given by the trial court.

5. The defendant was not denied effective assistance of counsel. Counsel was not ineffective for failing to assert claims of prosecutorial misconduct that were without merit. With regard to counsel's failure to object to the prosecutor's rebuttal remarks that the prosecution was on a search for the truth while the defense sought to promote any story to exonerate the defendant, the defendant failed to show that the failure to object was not part of counsel's trial strategy. Counsel may have considered an objection superfluous because the trial court was going to instruct the jury, immediately after the prosecution's rebuttal argument, that statements by counsel were not evidence. Counsel's failure to request a jury instruction that consent was a defense to CSC I did not amount to ineffective assistance, because the instructions given by the trial court, which required the jury to find that sexual

penetration occurred as the result of force or coercion in order to convict the defendant of CSC I, implicitly required a finding that there was no consent by the victim. Counsel's failure to object to the jury instruction regarding digital penetration also did not constitute ineffective assistance because the instruction conformed to the victim's trial testimony that there were multiple penetrations, one of which occurred when defendant inserted his finger in her vagina. Furthermore, this evidence alleged only a different type of penetration, and it did not surprise or deprive the defendant of the opportunity to defend against the charges. Defendant did not establish that counsel was ineffective in failing to challenge on double jeopardy grounds defendant's trial on the CSC I charge after the defendant had pleaded guilty of CSC III, or by failing to advise the jury of the defendant's plea of CSC III to bolster the argument that the victim consented. Defendant's convictions of both CSC I and CSC III do not violate double jeopardy principles, and therefore counsel was not required to object on these grounds. Moreover, the record does not show that the defendant pleaded guilty on the advice of counsel. In addition, the evidence overwhelmingly established defendant's guilt of CSC III irrespective of whether the victim consented; thus, in light of counsel's strategy to argue that the victim consented to sexual penetration by the defendant as a defense to the CSC I charge, it was reasonable for counsel to determine that advising the jury of defendant's plea of guilty on the CSC III charge would be confusing and detrimental to that defense.

6. The trial court did not err by assessing fifty points for offense variable 11. To support that scoring, there must be at least three sexual penetrations; here, the evidence established five penetrations, four involving penile penetration and one involving digital penetration.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Mark E. Reene*, Prosecuting Attorney, and *B. Eric Restuccia*, Assistant Attorney General, for the people.

*Smith & Brooker, P.C.* (by *George B. Mullison*), for the defendant on appeal.

Before: NEFF, P.J., and WILDER and KELLY, JJ.

WILDER, J. Following a jury trial, defendant appeals as of right from his conviction of first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(f) (personal injury to victim and use of force or coercion), after having pleaded guilty before trial of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(a) (victim at least thirteen and under sixteen years of age), arising from the same incident. Defendant was sentenced to concurrent prison terms of fifteen to thirty years for the CSC I conviction and five to fifteen years for the CSC III conviction. We affirm.

I

Defendant was charged with one count of CSC I (count I) and one count of CSC III (count II). Each count was predicated on alleged penile-vaginal penetration, although count I alleged the use of force or coercion to accomplish the penetration and count II alleged as an aggravating factor that the victim was between the age of thirteen and sixteen. At the preliminary examination, the victim testified only to one sexual penetration. Nevertheless, the district court bound defendant over for trial on both counts I and II. The information filed in the circuit court alleged that defendant was guilty of each count, once again predicated on an alleged penile-vaginal penetration, but the information did not specify whether each count was premised on the same act of penetration. Before trial, defendant pleaded guilty of count II, admitting that the victim was between thirteen and sixteen years old and that he had engaged in one act of sexual penetration with her on the trunk of his car. Before the plea was accepted, defendant testified that the plea was voluntary and not the result of negotiation. The prosecution requested that the trial court take the plea under advisement because it intended to proceed to

trial on count I, but the trial court denied the prosecution's request and accepted defendant's plea on count II.

During defendant's trial on count I, the victim testified that defendant threw her to the ground and partially inserted his penis into her vagina once, and that he then threw her onto the trunk of the car where he inserted his finger into her vagina, partially inserted his penis into her vagina twice, and fully inserted his penis into her vagina once. Through cross-examination, defendant was able to identify various inconsistencies between the victim's preliminary examination testimony and her testimony at trial. At one point during cross-examination, the victim testified that she has attention deficit disorder. Over defendant's timely objection, the trial court permitted the victim's school psychologist to testify about the victim's level of comprehension, that the victim has an IQ of between fifty-five and seventy, and that the victim was "educably mentally impaired." The trial court also overruled defendant's timely objection to testimony by the victim's mother about problems she observed while home schooling the victim and that the victim's test results showed the victim had very little comprehension, and to testimony by the emergency room nurse who first examined the victim that the victim stated her assailant stopped the car he was driving, pulled her out of the car, threw her against the car, and assaulted her.

The jury convicted defendant of CSC I, and the trial court sentenced defendant to concurrent sentences for his CSC I and CSC III convictions. On appeal, defendant claims that (1) the protections against double jeopardy preclude his conviction and sentence for both CSC I and CSC III, and that his conviction of CSC I should be set aside, (2) he was denied a fair trial and his due process rights were violated when the trial court permitted the chal-

lenged testimony of the school psychologist, the victim's mother, and the emergency room nurse, (3) prosecutorial misconduct and instructional error also resulted in a violation of his due process rights and denied him a fair trial, (4) his trial counsel was ineffective, and (5) his sentence was invalid because the sentencing guidelines were improperly scored.

II

We review for plain error unpreserved claims that a defendant's double jeopardy rights have been violated. *People v Kulpinski,* 243 Mich App 8, 11, 23-24; 620 NW2d 537 (2000); *People v Carines,* 460 Mich 750, 763-765; 597 NW2d 130 (1999).[1] In order to avoid forfeiture of this issue, defendant must show plain error that affected his substantial rights. *Kulpinski, supra* at 11. A trial court's decision to admit evidence is reviewed for an abuse of discretion; however, a preliminary question of law involved in that decision is reviewed de novo. *People v McDaniel,* 469 Mich 409, 412; 670 NW2d 659 (2003). A trial court's decision to admit expert witness testimony is also reviewed for an abuse of discretion. *People v Phillips,* 246 Mich App 201, 203; 632 NW2d 154 (2001), aff'd 468 Mich 583; 663 NW2d 463 (2003). Where an error of constitutional magnitude

---

[1] In both *People v Hill,* 257 Mich App 126, 149; 667 NW2d 78 (2003), and *People v Colon,* 250 Mich App 59, 62; 644 NW2d 790 (2002), this Court stated that a double jeopardy issue involves a significant constitutional question that will be reviewed on appeal regardless of whether the defendant raised the issue before the trial court. We note that this is not a complete statement of the more limited standard of review applicable to unpreserved constitutional issues enunciated in *Carines, supra* at 764 ("[w]e hold that the plain error rule discussed in [*United States v Olano,* 507 US 725; 113 S Ct 1770; 123 L Ed 2d 508 (1993)] and [*People v Grant,* 445 Mich 535; 520 NW2d 123 (1994)] extends to unpreserved claims of constitutional error.")

has occurred in a criminal case, the beneficiary of the error must show beyond a reasonable doubt that there is no reasonable possibility that the error contributed to the conviction. *People v Smith (On Remand),* 249 Mich App 728, 730; 643 NW2d 607 (2002); *Carines, supra* at 774. Unpreserved claims of prosecutorial misconduct and instructional error are reviewed for plain error, *People v Barber,* 255 Mich App 288, 296; 659 NW2d 674 (2003); *Carines, supra* at 761-764; however, expressions of satisfaction with the trial court's instructions constitute a waiver of any instructional error. *People v Carter,* 462 Mich 206, 215; 612 NW2d 144 (2000).

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc,* 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court must first find the facts and then decide whether those facts constitute a violation of the defendant's constitutional right to effective assistance of counsel. *Id.* The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo. *Id.* Where claims of ineffective assistance of counsel have not been preserved, our review is limited to errors apparent on the record. *People v Wilson,* 257 Mich App 337, 362-363; 668 NW2d 371 (2003). This Court reviews the scoring of a sentencing guidelines variable to determine whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score. *People v McLaughlin,* 258 Mich App 635, 671; 672 NW2d 860 (2003).

III

Given the facts in this case, defendant's convictions of both CSC I and CSC III do not violate double jeopardy principles.

> The United States and Michigan Constitutions protect a person from being twice placed in jeopardy for the same offense. US Const, Am V; Const 1963, art 1 § 15. The prohibition against double jeopardy provides three related protections: (1) it protects against a second prosecution for the same offense after acquittal; (2) it protects against a second prosecution for the same offense after conviction; and (3) it protects against multiple punishments for the same offense. *People v Nutt*, 469 Mich 565, 574; 677 NW2d 1 (2004) (citations omitted).

Our Supreme Court has held that "[t]he fact that a sexual penetration happens to be accompanied by more than one of the aggravating circumstances enumerated in the [CSC I] statute may well ease the burden upon the prosecution in attaining a conviction under [that statute], but it may give rise to only one criminal charge for purposes of trial, conviction, and sentencing." *People v Johnson,* 406 Mich 320, 331; 279 NW2d 534 (1979). Under these circumstances, rather than proceeding with separate counts "the prosecutor must charge a defendant under a single count using alternative theories. . . ." *People v Goold*, 241 Mich App 333, 342-343; 615 NW2d 794 (2000), citing *People v Nicolaides*, 148 Mich App 100, 102-103; 383 NW2d 620 (1985).

Defendant first asserts that because he was convicted of CSC III before his trial on CSC I, by virtue of his plea of guilty, his conviction for CSC I should be vacated on remand as a violation of the rule against successive prosecutions. *Nutt, supra* at 574. We disagree. The rule against successive prosecutions does not apply where a defendant requests separate trials on related offenses. *People v Webb,* 128 Mich App 721, 728; 341 NW2d 191 (1983), overruled in part by *People v Kelley,* 433 Mich 882; 446 NW2d 821 (1989). Here, because defendant pleaded guilty on count II and stated no objection to

proceeding to trial on count I, his guilty plea should be treated as a request for separate proceedings on the two charges.

Defendant next asserts that the circumstances presented in *Johnson* are present here, that is, that the evidence establishes one sexual penetration accompanied by a number of aggravating circumstances enumerated in the CSC statute requiring that his CSC I conviction be vacated.[2] We note that because defendant did not raise this issue in the trial court, it is unpreserved and reviewed for plain error. *Kulpinski, supra* at 11. After our review of the record, we do not agree that either of defendant's convictions should be vacated.[3] Despite her testimony at the preliminary examination, at trial the victim testified about being sexually penetrated multiple times by the defendant.[4] Thus, because the Legislature intended to punish separately each criminal sexual penetration, had the defendant proceeded to trial on both the CSC I and CSC III charges and not pleaded guilty of CSC III, the prosecution would not have been required to submit the case to the jury on only one count with alternative theories. *People v Wilson*, 196 Mich App 604, 608; 493 NW2d 471 (1992); *People v Dowdy*, 148 Mich App 517, 521; 384 NW2d 820 (1986). The fact that the victim testified about only one sexual penetration at the preliminary examination is

[2] The prosecution agrees that one of the defendant's convictions should be vacated, but contends that it is the CSC III conviction that should be vacated.

[3] The prosecution's concession that defendant's CSC III conviction should be vacated is a form of a "stipulation." *Eaton Co Bd of Co Rd Comm'rs v Schultz,* 205 Mich App 371, 378-379; 521 NW2d 847 (1994), quoting 73 Am Jur 2d, Stipulations, § 1, p 536. Stipulations of law are not binding on this Court. *Gates v Gates,* 256 Mich App 420, 426; 664 NW2d 231 (2003); *In re Finlay Estate,* 430 Mich 590, 595; 424 NW2d 272 (1988).

[4] See MCL 750.520a(o) (defining "sexual penetration" to include any intrusion "however slight" into another person's body).

irrelevant, because whether the evidence adduced at the preliminary examination may have been insufficient to warrant a bindover on two separate CSC counts is not a ground for vacating or reversing a subsequent conviction where the defendant received a fair trial and was not otherwise prejudiced by the claimed error. *People v Hall,* 435 Mich 599, 601-603; 460 NW2d 520 (1990). Moreover, the case was presented to the jury for decision without a special verdict form; therefore, we cannot determine which of the alleged sexual penetrations led the jury to return a verdict of guilty, and defendant presents no evidentiary support for the contention that his convictions of CSC I and CSC III were based on the same sexual penetration. As such, no double jeopardy violation has occurred and there was no plain error.

IV

The trial court did not abuse its discretion in permitting the victim's school psychologist to testify about the victim's IQ and comprehension capabilities. For expert testimony to be admissible, (1) the expert must be qualified, (2) the evidence must provide the fact-finder a better understanding of the evidence or assist in determining a fact in issue, and (3) the evidence must come from a recognized discipline. *People v Coy,* 258 Mich App 1, 10; 669 NW2d 831 (2003). The trial court correctly determined that the psychologist's testimony about the victim's diminished comprehension capabilities and IQ could assist the jury both in evaluating the importance of apparent inconsistencies in the victim's testimony and in properly evaluating the weight and credibility to be given to the victim's testimony. *People v Hamilton,* 163 Mich App 661, 667-669; 415 NW2d 653 (1987). In addition, because the expert offered no opin-

ion regarding the truthfulness of the victim's allegations against defendant or about the victim's honesty and integrity as a general matter, the trial court reasonably concluded that the probative value of the testimony was not substantially outweighed by its potential for unfair prejudice. MRE 403.

Assuming without deciding that it was error to permit the testimony by the victim's mother about the victim's comprehension test results and the mother's observations of the victim during home schooling, because this evidence was cumulative of the admissible testimony by the psychologist, to the extent this rose to the level of constitutional error, it was harmless beyond a reasonable doubt. *Smith, supra* at 730.

V

The trial court did not abuse its discretion by admitting testimony from the emergency room nurse about the victim's account of the incident. The testimony was admissible as a statement made for purposes of medical treatment or diagnosis under MRE 803(4). MRE 803(4) provides that the following is not excluded by the hearsay rule:

> Statements made for purposes of medical treatment or medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably necessary to such diagnosis and treatment.

In *People v Crump,* 216 Mich App 210, 212; 549 NW2d 36 (1996), this Court held that statements by a victim to medical personnel describing the beatings and rape that led to her injuries are "well within the parameters of MRE 803(4)." Here, the nurse testified that the victim told her that "she had gone for a ride with a person,

didn't name the person, and that he had stopped and pulled her out of the car and had thrown her up against the car, and had assaulted her." Because there is no meaningful distinction between the statements permitted in *Crump* and the statements at issue in this case, we find no error in their admission.

VI

While certain remarks of the prosecution were improper, defendant fails to establish plain error that affected his substantial rights.

### A. ALLEGED IMPROPER ARGUMENT

Defendant asserts that the prosecution improperly argued that a girl who was menstruating would be unwilling to have sex. The prosecution said in closing argument:

When you think about common sense to [sic], who in their right mind is going to believe this story that a 15 year old girl who's on her period is the one who's initiating sexual activity with this defendant? You have got to be kidding to buy into that version of events that this defendant tried to sell from the witness stand today?

The prosecutor did not assert that women are unwilling to have sex while they are menstruating. Rather, the prosecution argued that because the victim was young and menstruating at the time of the incident, it was unlikely that she initiated the sexual activity as the defendant argued. A prosecutor is free to argue all reasonable inferences from the evidence relating to the prosecution's theory of the case. *People v Knowles*, 256 Mich App 53, 60; 662 NW2d 824 (2003). There was no error in this instance.

Defendant also asserts that there was no evidence that the victim received counseling because of the assault, and that the prosecution improperly argued this point. We disagree. The victim testified that she had discussed "a lot of things" on a regular basis with "the rape victim lady," and that she considered the victim's advocate to be "in a position of a counselor." There is no plain error in arguing reasonable inferences from the evidence. *Id.*

### B. ALLEGED IMPROPER DENIGRATION OF DEFENSE

Defendant asserts that the prosecution improperly denigrated the defense in the following remarks in rebuttal argument:

> And there's one other thing I ask you to keep in mind. There are two different schemes at work during a trial. Whereas this is a search for the truth, this side of the courtroom right here, this table is bound by what the evidence is, and present[s] the evidence as it exists, and then argues based on reasonable inferences from that evidence.
>
> That side of the courtroom is bound only by the defendant's imagination. I suggest to you the story he came up with wasn't a very good one. Hold him accountable, find him guilty for the crime that he committed. And please return a guilty verdict in this case, thank you.

We agree that these comments rise to the level of plain error because they improperly suggest that evidence presented by the prosecution must be true and, by logical inference, that the prosecutor has special knowledge of the veracity of witnesses. *People v Bahoda,* 448 Mich 261, 276; 531 NW2d 659 (1995) (stating that the prosecutor cannot vouch for credibility of witnesses to the effect of having some special knowledge of their truthfulness). Moreover, by telling the jury that the

prosecution has a duty to seek the truth while the defense is concerned only with advancing a story in an effort to exonerate the defendant of the charge, the prosecution improperly invokes the prestige of the office. *Id.* at 286 (stating that it is improper to "us[e] the prestige of the prosecutor's office to inject personal opinion"). Nevertheless, because there is overwhelming evidence of defendant's guilt, the remarks in question did not affect the outcome of the trial or seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Barber, supra* at 296.

The defendant also challenges the propriety of the following remark by the prosecution:

> My God, is there a worse position to be in than to be a rape victim, than to be on the witness stand being asked minor questions over and over and over again repeatedly?

This comment is related to the prosecution's argument that the manner in which the victim handled the questions asked of her during the trial supported rather than diminished her credibility, and did not involve any improper denigration of defense counsel. Thus, defendant has not established any plain error by these remarks.

Finally, defendant argues that the prosecutor denigrated the defense by the following remarks:

> If she didn't want her boyfriend to know, another ridiculous argument made by the defense. Well, she's concerned that her boyfriend is going to find out, so she's going to take the offensive in this, take the preemptive strike. She's not going to say anything if she doesn't want him to find out. Is she going to think that [defendant's] going to say something? That doesn't make sense.

While the prosecution's assertion that the defense argument was ridiculous may have been characterized

differently, a prosecutor need not state arguments in the blandest possible terms. *People v Aldrich,* 246 Mich App 101, 112; 631 NW2d 67 (2001). Therefore, we find that plain error did not occur because of these remarks.

### C. ALLEGED "CIVIC DUTY" REMARKS

In the remarks characterized by defendant as an improper civic duty argument, the prosecutor said:

> We live in a time when nobody is accountable for anything any more. But I ask you to hold him accountable for this. It's an outrageous act, it's been established beyond a reasonable doubt.

A prosecutor may not argue that jurors should convict a defendant as part of their civic duty. *People v Ackerman,* 257 Mich App 434, 452; 669 NW2d 818 (2003). Because the prosecution argued that the crime had been established beyond a reasonable doubt, these remarks do not constitute an assertion of personal belief by the prosecutor in defendant's guilt or an argument that the jury should convict the defendant regardless of the evidence. Thus, defendant has not established plain error on the basis of his "civic duty" claim.

### D. ALLEGED REQUEST FOR CONVICTION ON UNCHARGED OFFENSE

Defendant argues that the prosecution improperly argued to the jury that it could convict defendant of CSC I in this case on the basis of evidence that defendant penetrated the victim's vagina with his finger during the assault. While the information was predicated wholly on alleged penile-vaginal penetration, not digital penetration, the prosecution's remarks fail to rise to the level of plain error because the victim testified that defendant engaged in digital as well as penile-vaginal

penetration. Moreover, because there was ample evidence of the charged offense of penile-vaginal penetration to warrant defendant's conviction, any error did not affect the outcome of the trial or seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Barber, supra* at 296.

### E. CUMULATIVE ERROR

Because there was overwhelming evidence of defendant's guilt and only one instance of plain error, we find no cumulative error requiring reversal.

### VII

Defendant waived appellate review of his claims that the trial court erred by failing to instruct the jury on the issue of consent, that the jurors must agree unanimously on a verdict, and by instructing the jury that it could convict defendant if it found beyond a reasonable doubt that there had been digital sexual penetration. In *People v Lueth,* 253 Mich App 670, 688; 660 NW2d 322 (2002), this Court held that counsel's affirmative statement that there were no objections to the jury instructions constituted express approval of the instructions that waived review on appeal. In the present case, after the jury was instructed, defense counsel stated he had no objections to the instructions as given. Thus, any claim of error is waived. *Id.*

### VIII

Defendant has not established a claim of ineffective assistance of counsel. To prove that counsel has been ineffective, defendant must show that his counsel's performance was deficient, and that there is a reasonable probability that but for that deficient performance,

the result of the trial would have been different. *People v Hoag,* 460 Mich 1, 6; 594 NW2d 57 (1999), citing *People v Johnson,* 451 Mich 115; 545 NW2d 637 (1996). First, defendant argues that his trial counsel was ineffective because he failed to object to instances of alleged prosecutorial misconduct. The defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. *People v Riley,* 468 Mich 135, 140; 659 NW2d 611 (2003). In addition, trial counsel is not ineffective when failing to make objections that are lacking in merit. *People v Hawkins,* 245 Mich App 439, 457; 628 NW2d 105 (2001). Here, we have found that all but one of defendant's assertions of prosecutorial misconduct have no merit, and therefore trial counsel was not ineffective for failing to object in these instances.

With respect to the one occasion in which we have concluded that prosecutorial misconduct had occurred (the prosecutor's rebuttal remarks that the prosecution was on a search for truth while the presentation of defendant's case was limited only by defendant's imagination), we note that this Court neither substitutes its judgment for that of counsel regarding matters of trial strategy, nor makes an assessment of counsel's competence with the benefit of hindsight. *People v Rockey,* 237 Mich App 74, 76-77; 601 NW2d 887 (1999) (citations omitted). Because the comment was made at the end of rebuttal argument, just before the instructions by the trial court, counsel may have considered an objection to be superfluous to the trial court's instructions that the statements of counsel were not evidence and that the jury should decide the case only on the basis of the evidence properly admitted. It is presumed that the jury followed these instructions of the trial court when it deliberated defendant's guilt. *People v Graves,* 458 Mich 476, 486; 581 NW2d 229 (1998). Defendant neither

overcomes the strong presumption that counsel's performance was trial strategy nor makes any showing that, but for counsel's failure to object to this improper remark of the prosecution, the result of the proceeding would have been different. We find no ineffective assistance regarding this claim.

We next reject defendant's assertions that his trial counsel was ineffective because counsel (1) failed to request that the jury be instructed on his defense that the victim consented to the sexual penetration, (2) failed to object to the trial court's instruction to the jury on digital penetration, and (3) failed to challenge defendant's trial on the CSC I charge as a violation of double jeopardy. We note initially that defendant has given only cursory treatment to these arguments in his brief. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment [of an issue] with little or no citation of supporting authority." *People v Watson*, 245 Mich App 572, 587; 629 NW2d 411 (2001), citing *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Such cursory treatment constitutes abandonment of the issue. *Watson, supra* at 587.

In any event, defendant's assertions lack merit. First, the jury was instructed that it could not find defendant guilty beyond a reasonable doubt unless it found that the sexual penetration had occurred through force or coercion. This instruction "implicitly required the jury to find that the complainant did not consent to sexual intercourse before it could find defendant guilty." *People v Johnson,* 128 Mich App 618, 623; 341 NW2d 160 (1983). Second, it was not improper for the trial judge to instruct the jury that it could consider the issue of digital penetration because the instruction con-

formed to the evidence presented during trial. The victim testified to multiple penile penetrations of her vagina, supporting multiple convictions. Here, no prejudice or failure of justice occurred because the presentation of the evidence of digital penetration did not allege a new crime, but only alleged a different type of penetration. Defendant makes no claim that he was surprised or otherwise deprived of an opportunity to defend against the charges, *People v Stricklin,* 162 Mich App 623, 633-634; 413 NW2d 457 (1987), and again he fails to overcome the strong presumption that counsel's performance constituted trial strategy. Thus, defendant was convicted of a charge properly submitted to the jury. Third, because we find no double jeopardy violation, counsel was not ineffective for failing to make a specious objection. *Hawkins, supra* at 457.

Defendant also asserts that trial counsel was ineffective because defendant pleaded guilty of CSC III with no argument regarding double jeopardy, and because counsel failed to advise the jury of this plea to further bolster counsel's argument that the victim consented to sexual intercourse with the defendant. Again, defendant makes no citation of authority, and the issue is found to be abandoned. *Watson, supra* at 587. The record also does not demonstrate that defendant entered his plea on the advice of counsel, and, therefore, defendant fails to establish a necessary factual predicate for a claim of ineffective assistance of counsel on this issue. *Wilson, supra* at 362. Additionally, because there was no double jeopardy violation, there was no prejudice to defendant and counsel was not ineffective. *Hawkins, supra* at 457. Moreover, where the evidence obviously points to defendant's guilt, it can be better tactically to admit guilt and assert a defense or to admit guilt on some charges but maintain innocence on others. *People v Walker,* 167 Mich App 377, 382; 422 NW2d 8 (1988), overruled on

other grounds *People v Mitchell,* 456 Mich 693, 698; 575 NW2d 283 (1998). Here, there was no question that defendant was guilty of CSC III, whether the sexual intercourse was consensual or not. Thus, where the defense strategy encompassed the argument that the victim consented to the sexual intercourse, we can perceive that it is reasonable to remove consideration of the CSC III charge from the jury, in order to avoid confusion between the inability to argue consent as a defense to the CSC III charge and the ability to do so on the CSC I charge. A particular strategy does not constitute ineffective assistance of counsel simply because it does not work. *People v Kevorkian,* 248 Mich App 373, 414-415; 639 NW2d 291 (2001).

For all of the reasons herein, defendant has not overcome the presumption that he received effective assistance of counsel. *Riley, supra* at 140.

IX

Finally, the trial court did not err by assessing fifty points for offense variable (OV) 11. A score of fifty points for OV 11 correlates with two or more criminal sexual penetrations having occurred during the incident underlying the sentence. MCL 777.41(1). Points should not be scored, however, for the one penetration underlying a CSC I conviction. MCL 777.41(2)(c). Accordingly, the evidence must establish at least three sexual penetrations during the incident to support scoring OV 11 at fifty points. Here, the evidence established five instances of sexual penetration during the assault, four involving penile penetration and one involving digital penetration. Therefore, OV 11 was properly scored.

Affirmed.