# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MIKE REDA,

        Defendant-Appellant.

UNPUBLISHED
November 10, 2015

No. 322143
Wayne Circuit Court
LC No. 13-009923-FC

Before: STEPHENS, P.J., and CAVANAGH and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions of two counts of first-degree murder, MCL 750.316(1)(a) (premeditated), first-degree home invasion, MCL 750.110a(2), and possession of a firearm during the commission of a felony, MCL 750.227b. We affirm.

Defendant shot and killed two women at his senior citizen complex who were friends of his ex-girlfriend. The first woman had been sitting outside with defendant's ex-girlfriend and defendant saw them together on three separate occasions when he went out to purchase alcohol. Later, defendant returned to where they had been sitting but his ex-girlfriend was gone and the woman was sitting with a man. Defendant approached the woman, told the man to start praying, and then shot the woman in the head. Defendant then walked back into the building, went to the second woman's apartment, shot through the locked door, kicked the door in, and then shot the woman in the head.

At trial, defendant claimed to have no memory of the murders because he was intoxicated on alcohol and Xanax and, thus, argued that he should only be convicted of second-degree murder. On cross-examination, the prosecutor asked defendant whether he also ingested crack cocaine along with the alcohol and Xanax and defense counsel raised a foundation objection. The objection was overruled, and defendant answered in the negative. The prosecutor then asked defendant if he remembered being interviewed by a forensic doctor after he was arrested and he responded in the negative. Defense counsel then stipulated that defendant was evaluated for his mental state and the prosecutor asked defendant if he remembered telling the forensic examiner that he injected alcohol, Xanax and crack cocaine on the day of the shooting and defendant responded that he did not say he took crack cocaine on that day. The prosecutor then asked defendant if he had military training in his home state of Lebanon and he said that he did. The prosecutor asked if he had trained under Hezbollah and defendant said he did not. The

-1-

prosecutor then asked if defendant had told the forensic doctor that he served for Hezbollah from 1969 through 1973, and defense counsel objected on the ground that it was "collateral." The objection was overruled and defendant responded that he did not see a forensic doctor.

On appeal, defendant argues that he was denied the effective assistance of counsel because his attorney failed to properly object to the prosecutor's questions regarding defendant's forensic center interview. We disagree. Because defendant raised this issue for the first time on appeal, our review is limited to errors apparent on the record. See *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

To establish ineffective assistance of counsel, a defendant must show that defense counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *People v Johnson*, 451 Mich 115, 124; 545 NW2d 637 (1996).

The prosecution agrees with defendant that it was error to question him about statements he made in a forensic center interview on any issues other than his mental illness or insanity at the time of the offense. See MCL 768.20a(5); *People v Toma*, 462 Mich 281, 292-293; 613 NW2d 694 (2000). And we conclude that defense counsel's failure to properly object to those questions regarding defendant's statements to the forensic examiner about using crack cocaine and training under Hezbollah constituted deficient performance. See *Johnson*, 451 Mich at 124.

Nevertheless, defendant has failed to establish that there is a reasonable probability the result of the trial would have been different but for counsel's error in failing to object to the two challenged questions. See *id*. Defendant admitted to killing the two women, but claimed that he should only be convicted of second-degree murder because he was intoxicated. Intoxication can negate the specific intent necessary for a first-degree murder conviction. *People v LaVearn*, 448 Mich 207, 213-214; 528 NW2d 721 (1995). Thus, the improper question regarding defendant's use of crack cocaine was not prejudicial; if anything, the question may have bolstered his intoxication defense. Accordingly, defendant's ineffective assistance claim premised on this improper question is without merit.

And there is no reasonable probability that an objection to the improper question regarding defendant's alleged service for Hezbollah would have resulted in a conviction for second-degree murder instead of first-degree murder. Overwhelming evidence, including eyewitness testimony, photographic evidence, physical evidence, and defendant's own statements to police, as well as the circumstances of the killings strongly supported an inference of premeditation and deliberation. See *People v Unger*, 278 Mich App 210, 229; 749 NW2d 272 (2008); *People v Plummer*, 229 Mich App 293, 300-301; 581 NW2d 753 (1998). Accordingly, defendant's ineffective assistance claim premised on this improper question is also without merit. In summary, there is no reasonable probability that, but for counsel's error in failing to

object to these two brief questions, the result of the proceeding would have been different. See *Johnson*, 451 Mich at 124.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Mark J. Cavanagh
/s/ Christopher M. Murray