# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

GERALDINE GALBRAITH TAECKENS,

Defendant-Appellant.

UNPUBLISHED
August 8, 2017

No. 334002
Chippewa Circuit Court
LC No. 15-001694-FH

Before: SAAD, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right her jury-trial convictions of six counts of healthcare fraud, MCL 752.1003(1). The trial court departed upward from the recommended sentencing guidelines range of 0 to 17 months' imprisonment and sentenced defendant to serve concurrent terms of two to four years' imprisonment for each of her convictions. We affirm.

The jury found that defendant improperly billed Blue Cross Blue Shield of Michigan for numerous purported psychotherapy sessions. Evidence at trial revealed that defendant billed for occasions when she accompanied a patient to a community pool and when she took a therapy group out to dinner. Defendant also diagnosed the family members of several autistic children, who were part of a peer-activity group she hosted, with mental health disorders without their knowledge, and then billed them for individual therapy. She also billed for giving massages.

At sentencing, the trial court explained that it found defendant's actions "incredibly shocking and remarkably disturbing" and concluded that the recommended minimum sentencing guidelines range did not account for defendant's abuse of trust, the fact that the crimes involved the systematic and intentional exploitation of children and their families, or the fact that defendant intentionally misdiagnosed children for financial gain. The trial court ultimately concluded that the duration of the fraud, the amount of money obtained, the intentional nature of the misdiagnoses, the calculated nature of the crimes, and the sustained impact on the victims justified a sentence of two to four years' imprisonment.

On appeal, defendant argues that her departure sentence was unreasonable because the trial court's rationale supporting the departure was inappropriate and the extent of the departure was disproportionately lengthy. We disagree.

-1-

We review a trial court's decision to depart upward from the sentencing guidelines for reasonableness under an abuse-of-discretion standard. *People v Steanhouse*, ___ Mich ___, ___; ___ NW2d ___ (2017) (Docket Nos. 152671, 152849, 152871, 152872, 152873, 152946, 152946, and 152948); slip op at 14, 20. "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014) (citations omitted). In the sentencing context, a trial court abuses its discretion if it imposes a sentence that is not proportional under the standard set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, ___ Mich at ___; slip op at 14-16, 20.

A sentencing court must take into account the guidelines range when imposing a sentence and must justify the sentence imposed. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id*. A reasonable sentence is one that satisfies the "principle of proportionality" test articulated in *Milbourn*, 435 Mich at 634-636. *Steanhouse*, ___ Mich at ___; slip op at 20.

> In a nutshell, *Milbourn*'s principle of proportionality requires a sentence to be proportionate to the seriousness of the circumstances surrounding the offense and the offender. *Milbourn* instructs that departure sentences are appropriate where the guidelines do not adequately account for important factors legitimately considered at sentencing so that the sentence range calculated under the guidelines is disproportionate, in either direction, to the seriousness of the crime. The *extent* of the departure must also satisfy the principle of proportionality. [*People v Masroor*, 313 Mich App 358, 374; 880 NW2d 812 (2015), aff'd in part, rev'd in part on other grounds by *People v Steanhouse* ___ Mich ___ (2017) (quotation marks and citations omitted).]

Under *Milbourn*, the trial court may reweigh guidelines variables and "remove the distortions induced by a classification system that is, by necessity, overly simplistic." *People v Houston*, 448 Mich 312, 327; 532 NW2d 508 (1995).

Defendant first argues that the trial court should not have imposed an upward-departure sentence because the sentencing guidelines already accounted for the repetitive nature of her conduct. We disagree.

Defendant's argument implicates prior record variable (PRV) 7 and offense variable (OV) 13. PRV 7 involves "subsequent or concurrent felony convictions." MCL 777.57(1). The trial court in this case assessed 20 points under PRV 7, which is appropriate if a defendant has "2 or more subsequent or concurrent convictions." MCL 777.57(1)(a). OV 13 involves a "continuing pattern of criminal behavior." MCL 777.43(1). The trial court assessed 5 points under OV 13, which is appropriate if the sentencing offense "was part of a pattern of felonious criminal activity involving 3 or more crimes against property." MCL 777.43(1)(f).

Contrary to defendant's argument on appeal, the trial court did not base its departure rationale on the *number* or *amount* of crimes defendant committed, but rather on the *duration* of defendant's fraudulent conduct. Neither PRV 7 nor OV 13 accounts for the length of time over

-2-

which the fraudulent conduct took place. Evidence presented at trial revealed that defendant fraudulently billed patients for over three years. We conclude that the trial court did not abuse its discretion by considering the duration of defendant's fraudulent conduct because the sentencing guidelines did not account for this factor.

Defendant next argues that the trial court inappropriately considered her failure to pay restitution and the fact that she intentionally misdiagnosed patients. Defendant has abandoned these arguments by failing to provide any legal authority in support of her position. *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). We nonetheless note, however, that the record is replete with evidence supporting the trial court's conclusion that defendant intentionally misdiagnosed the family members of autistic children for her own financial gain.

Finally, defendant argues that her sentence was disproportionate because, comparing her sentence to the sentencing grid, she was sentenced as if she were a much more serious offender. The purpose of proportionality in sentencing is to "protect[] against unjustified sentence disparity between similarly situated offenders[.]" *Milbourn*, 435 Mich at 636. Even when a departure is appropriate, the extent of the departure may violate the principle of proportionality. *Id*. at 660.

In this case, the trial court supported its decision to depart from the sentencing guidelines range by considering the duration of defendant's conduct and by finding that the crimes involved the systematic, intentional exploitation of children and their families. The trial court found that the sentencing guidelines did not account for the victimization of the families. It also found that defendant's lack of criminal history was not mitigating because the fraud took place over a long period of time. These circumstances, supported by the record evidence, are both traits of the offense and the offender. See *Milbourn*, 435 Mich at 636. The trial court's decision to treat defendant as though she were an offender with a more serious criminal history was consistent with the trial court's rationale for an upward departure.[1] We conclude that the trial court's decision to depart upward from defendant's recommended guidelines range by seven months fell within the range of reasonable and principled outcomes.

Affirmed.

/s/ Henry William Saad
/s/ Deborah A. Servitto
/s/ Michael F. Gadola

---

[1] We note that a minimum sentence of 24 months' imprisonment is within the sentencing ranges applicable to class F offenses, but is below the greatest minimum sentence applicable to a non-habitual offender for a class F offense, which is 30 months' imprisonment. See MCL 777.17d; MCL 777.67.