*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CLIFFORD ALLEN STINSON, JR.,

Defendant-Appellant.

UNPUBLISHED
December 03, 2024
9:48 AM

No. 364539
Oakland Circuit Court
LC No. 2021-276313-FH

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CLIFFORD ALLEN STINSON, JR.,

Defendant-Appellant.

No. 364540
Oakland Circuit Court
LC No. 2021-276246-FC

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Defendant was convicted by a jury of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(b)(*ii*) (sexual penetration of a victim between the ages of 13 and 16 who is related to defendant by blood), and two counts of second-degree CSC, MCL 750.520c(1)(b)(*ii*) (sexual contact with a victim between the ages of 13 and 16 who is related to defendant by blood). Defendant appeals as of right in these consolidated cases, and, for the reasons stated in this opinion, we affirm.

## I. FACTS

During the summer of 2019, LR, the victim in this matter, was 15 years old and would spend every other weekend with her father, the defendant. In November and December of 2019,

-1-

LR disclosed that in June defendant digitally penetrated LR's vagina during a fishing trip, and during a camping trip defendant touched LR's breasts and touched LR's vagina over her clothing. Defendant was charged with one count of first-degree CSC and two counts of second-degree CSC.[1] Defendant's theory at trial was that each time LR was interviewed about the incidents she provided additional details, including testifying at trial regarding specifics she had not previously disclosed; this, combined with LR's delayed disclosure of the alleged assaults, indicated that she was fabricating the accusations as a way of getting attention. Nonetheless, the jury convicted defendant as charged, and he now appeals.

## II. PROPOSED EXPERT TESTIMONY AND INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that his trial counsel was ineffective for failing to present expert testimony regarding LR's forensic interview after she disclosed that defendant had sexually assaulted her. Specifically, defendant asserts that such expert testimony would have established that LR's memory was tainted throughout this case and that poor interviewing techniques and subsequent psychotherapy influenced LR's memory as well as the reliability of her testimony at trial. We disagree.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). When "claims of ineffective assistance of counsel have not been preserved," or when no hearing was held in the trial court, "our review is limited to errors apparent on the record." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

"Criminal defendants are entitled to the assistance of counsel under both the Michigan and United States Constitutions. Const 1963, art 1, § 20; US Const, Am VI. This right guarantees the effective assistance of counsel." *People v Yeager*, 511 Mich 478, 488; 999 NW2d 490 (2023), citing *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

> To prevail on a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different. [*People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016).]

" 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *People v Ackley*, 497 Mich 381, 389; 870 NW2d 858 (2015), quoting *Strickland*, 466 US at 694.

Counsel's performance should be evaluated without the benefit of hindsight, and a defendant must overcome a strong presumption that counsel's actions constituted sound trial

---

[1] Defendant was also charged by the Hillsdale County Prosecuting Attorney with three counts of first-degree CSC and one count of second-degree CSC for an alleged sexual assault that occurred when defendant and LR were on a camping trip. However, the Hillsdale County Prosecutor dismissed those charges pursuant to *nolle prosequi*.

strategy. *Solloway*, 316 Mich App at 188. "Generally, attorneys are given broad latitude to determine trial strategy, and there is a strong presumption that counsel's performance was born from sound strategy. However, counsel's strategic decisions must be objectively reasonable." *Yeager*, 511 Mich at 488, citing *Strickland*, 466 US at 689-690, and *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy, and this Court will not substitute its judgment for that of counsel regarding matters of trial strategy." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *Matuszak*, 263 Mich App at 61. "Failing to advance a meritless argument or raise a futile objection does not constitute ineffective assistance of counsel." *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Trial counsel's theory of the defense was that LR was fabricating her sexual assaults as a way of getting attention from her friends, as evidenced by which details LR could and could not remember, and which details were only disclosed years later at trial. Defendant's proposed expert testimony would have contradicted this theory, and instead would have asserted that LR was not fabricating the matter. Instead, LR—who was 15 years old at the time of the assaults and was 18 years old at the time of trial—was misremembering whether she was sexually assaulted in the first instance because her forensic interview was not performed entirely according to protocol and subsequent psychotherapy affected her memory. This argument is unavailing as it merely presents a disagreement over trial strategy, which is insufficient to establish that trial counsel's performance fell below an objective standard of reasonableness. Regardless, defendant has failed to establish that there is a reasonable probability that the outcome of defendant's trial would have been different. As a result, defendant has failed to establish either prong of *Strickland*, let alone both.

## III. LR'S TESTIMONY ABOUT DEFENDANT'S STATEMENTS

Defendant next argues that the People erred by eliciting testimony from LR that she was afraid of defendant because he had a firearm, he was violent when he killed a deer previously, he had driven a car through someone's house, and he hit someone with his car. Defendant also argues that such testimony was inadmissible pursuant to MRE 404(b) and MCL 768.27b. Alternatively, defendant argues that his trial counsel was ineffective for failing to object to this testimony. We disagree.

During the trial, LR testified that defendant had "instilled . . . fear" in her because he told her "so many stories of what he had done to people." When asked to elaborate, LR testified that, "he had told me that he had driven his car [through] somebody's house and hit somebody with it while he was angry one day." On cross-examination by defendant's trial counsel, LR testified that she had only seen defendant be violent when he killed a deer, and that she never witnessed defendant be violent toward anyone. No additional details were elicited or presented at trial. Defendant asserts that the People erred in eliciting this testimony but does not assert an argument regarding prosecutorial error. Therefore, we consider any assertion of prosecutorial error in this regard abandoned. *People v McGraw*, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009). Instead, defendant merely argues that such testimony was inadmissible but does not claim that the trial court erred by allowing such testimony.

Setting aside the prevalence of deer hunting in Michigan, this testimony did not amount to prior bad-acts evidence pursuant to MRE 404(b), but instead it was a party admission pursuant to MRE 801(d)(2)(B). It is axiomatic that MRE 404(b) concerns direct evidence of a defendant's prior "crime, wrong, or act," and MCL 768.27b concerns prior incidents of a defendant committing domestic violence or sexual assault. LR testified about what defendant had previously told her; she did not provide direct evidence of these incidents. Furthermore, there was nothing in LR's testimony that indicated whether any of defendant's assertions involved sexual or domestic assault, rendering MCL 768.27b inapplicable. Furthermore, we decline to hold that testimony about defendant engaging in deer hunting constitutes evidence of "other crimes, wrongs, or acts" pursuant to MRE 404(b).

A party opponent's statements are admissible pursuant to MRE 801(d)(2)(B) if the listener believed those statements to be true, such evidence is relevant, MRE 401, and it is not unfairly prejudicial, MRE 403. LR's testimony indicates that she believed defendant's statements to be true, and they were relevant because they established the basis for why she feared defendant. Regarding unfair prejudice, this Court has noted that:

> The "unfair prejudice" language of MRE 403 refers to the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock. Moreover, admission of evidence is unfairly prejudicial when the danger exists that marginally probative evidence will be given undue or preemptive weight by the jury. [*People v Cameron*, 291 Mich App 599, 611; 806 NW2d 371 (2011) (quotation marks and citations omitted; alterations incorporated).]

Given the minimal amount of attention that was devoted at trial to defendant's statements to LR, and the lack of further details presented about these alleged incidents, LR's testimony in this regard cannot be said to be unfairly prejudicial. Therefore, LR's testimony about defendant's statements was admissible, and defendant's trial counsel cannot be ineffective for failing to make a futile objection. *Ericksen*, 288 Mich App at 201.

We affirm.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace

-4-