# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MARCUS HIGHTOWER, also known as
MARCUS ORLANDO HIGHTOWER, also
known as MARCUS OLANDO HIGHTOWER,

      Defendant-Appellant.

UNPUBLISHED
June 21, 2016

No. 325895
Wayne Circuit Court
LC No. 14-006314-FH

Before: JANSEN, P.J., and O'CONNELL and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his bench trial convictions of possession of a firearm during the commission of a felony ("felony-firearm"), MCL 750.227b, felon in possession of a firearm ("felon-in-possession"), MCL 750.224f, and possession of marijuana, MCL 333.7403(2)(d). He was sentenced to two years' imprisonment for his felony-firearm conviction; time served, which was one day in jail, for his felon-in-possession conviction; and time served for his possession of marijuana conviction. We affirm.

## I. FACTUAL BACKGROUND

On July 3, 2014, Detroit Police Officers Timothy Barr, Dietrich Spidell, and Jelani Jones were in a marked police car when they passed defendant near the corner of Forrer Street and Seven Mile Road in Detroit, Michigan. Defendant was talking to another man, and Officers Barr and Spidell saw defendant holding a small, black, semiautomatic gun. The officers spoke of their observation and then decided to investigate the matter. While turning the patrol car around, the officers saw defendant enter and exit the driver's side of a Chevy Traverse parked on Forrer Street. Defendant then walked to the front of the same vehicle and opened the hood.

Officer Spidell approached defendant and, seeing that the gun was no longer visible, asked defendant if he had a concealed pistol license ("CPL"). Defendant said no. Officer Spidell noticed a bag of marijuana sticking out from defendant's pocket and then handcuffed him.

Meanwhile, Officer Jones approached Kimberly Vinson-Daniel, who was standing adjacent to the front passenger door of the Traverse. When the officer asked Vinson-Daniel if

-1-

she was armed, she said yes and gestured toward her purse, which was sitting on the front passenger seat of the vehicle. Jones retrieved a handgun from the purse, which was taken into evidence and then eventually admitted as an exhibit at trial. Subsequently, Vinson-Daniel produced a valid CPL. Police Officers Barr and Spidell testified at trial that the gun retrieved from Vinson-Daniel was identical to the gun that they observed in defendant's hand.

On the morning of defendant's trial, the Detroit Police Department produced recordings from the video and audio surveillance systems in the patrol car. The video and audio recordings were stored in separate files, and the recordings were not synchronized. The video recording began when the officers initially saw defendant, but the available audio recording did not begin until just before the officers exited their patrol car to investigate. Nevertheless, defense counsel stipulated to the admission of the video and audio recordings at trial.

At the close of the prosecution's proofs, defense counsel made a "motion for acquittal," which the trial court denied. Ultimately, defendant was convicted as indicated above.

He now appeals as of right.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues that defense counsel provided ineffective assistance when he failed to object to the admission of the police recordings or request an adjournment so that he could adequately review the recordings before trial and consult an expert. We disagree.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

Because defendant did not move for a new trial or a *Ginther*[1] hearing in the trial court, our review of his claim is limited to mistakes apparent from the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009); *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008). "A claim of ineffective assistance of counsel is a mixed question of law and fact. A trial court's findings of fact, if any, are reviewed for clear error, and this Court reviews the ultimate constitutional issue arising from an ineffective assistance of counsel claim de novo." *Petri*, 279 Mich App at 410, citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

The United States and Michigan Constitutions guarantee a defendant the right to the effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. In order to prove that counsel provided ineffective assistance, a defendant must demonstrate that (1) " 'counsel's representation fell below an objective standard of reasonableness,' " and (2) defendant was prejudiced, *i.e.*, " 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *People v Vaughn*, 491 Mich 642, 669-671; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 688, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A defendant must also show that the result that did occur was

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

fundamentally unfair or unreliable." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012).

"Effective assistance of counsel is presumed," and a defendant bears a heavy burden of proving otherwise. *Petri*, 279 Mich App at 410. The defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "Defense counsel is given wide discretion in matters of trial strategy because many calculated risks may be necessary in order to win difficult cases." *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). An effective trial strategy may include a decision not to object to proffered evidence. See *id*. at 253.

### B. ANALYSIS

Defendant fails to establish that defense counsel's performance fell below an objective standard of reasonableness. See *Vaughn*, 491 Mich at 669-671. First, we reject defendant's claim that defense counsel was ineffective when he did not object to the admission of the police recordings. Although the Detroit Police Department waited until the day of trial to produce the recordings, the record shows that defense counsel had the opportunity to review them before the trial began and that he was aware of the defects in the audio recordings. Additionally, it is apparent from the record that defense counsel chose to incorporate the defects into his trial strategy instead of objecting to the admission of the recordings. After eliciting testimony from Barr and Spidell that they verbalized their observations of a gun in defendant's hand, defense counsel argued during his motion for acquittal that the court could infer from the absence of this discussion in the audio recordings that the conversation actually never occurred. Likewise, contrary to defendant's claims on appeal, the record shows that defense counsel did, in fact, use the content of the recordings—or the lack thereof—for impeachment purposes. Thus, even though defense counsel's approach ultimately proved unsuccessful, defendant has failed to overcome the presumption that defense counsel's failure to object constituted sound trial strategy. See *Trakhtenberg*, 493 Mich at 52; *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004) ("A particular strategy does not constitute ineffective assistance of counsel simply because it does not work.").

We also reject defendant's contention that defense counsel was deficient for failing to request an adjournment to allow for further review of the recordings and consultation with an expert. Defendant's claim that counsel was unprepared to address the content and timing of the audio and video recordings at trial is not supported by the record. In his motion for acquittal, defense counsel reminded the court that he carefully questioned each officer about their conversations in the patrol car, and each officer expressly testified that there was a discussion about the fact that the officers saw defendant holding a gun. Defense counsel then emphasized that the audio recording included no such discussion. When the prosecutor opined that the audio clip did not begin until after the officers discussed the gun, defense counsel agreed, indicating that the prosecutor had fallen into his "trap." He then concluded his argument by suggesting that the officers' delay in activating the audio recording system until after this pivotal conversation was too suspicious to be coincidental. On this record, it appears that defense counsel specifically intended to incorporate the incomplete audio recording into his argument for acquittal. Utilizing such a defense theory did not require further review of the recording or the assistance of an expert.

Additionally, "[a]n attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy," and, "in general, the failure to call a witness can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense." *Payne*, 285 Mich App at 190 (quotation marks and citation omitted). Here, defense counsel may have reasonably concluded that an expert's testimony could have undermined his argument that the officers' delay in activating the audio recording was significant in this case and his argument that the alleged conversation concerning the gun did not occur given the absence of additional audio files. "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Petri*, 279 Mich App at 411 (quotation marks and citation omitted). Further, defendant provides no explanation on appeal as to how an expert could have assisted defense counsel or furthered his defense, as he merely states that "[t]his new evidence required a review and possible evaluation by an expert. Appellant lost powerful impeachment evidence that would have created a reasonable doubt and obtained a different verdict." However, as previously discussed, defense counsel did, in fact, utilize the fact that footage was "missing" from the police recordings for impeachment purposes. Thus, there is no basis for concluding that defense counsel's failure to retain an expert witness deprived defendant of a substantial defense. *Payne*, 285 Mich App at 190.

Finally, regardless of whether defense counsel's decisions constituted sound trial strategy, defendant has failed to establish a reasonable probability that the outcome of the proceeding would have been different but for defense counsel's performance. See *Vaughn*, 491 Mich at 669-671. Defendant offers nothing more than his speculation that the "missing" audio recording could have revealed "powerful impeachment evidence." There is nothing in the record to show that additional portions of the audio recording even exist, much less that they include additional impeachment evidence. Rather, Officer Jones testified that (1) the recording systems in the patrol car are independent systems, (2) the audio recording system inside the vehicle is activated automatically when the emergency lights are activated, and (3) the video camera may begin recording even if the audio system has not been activated. Furthermore, if defense counsel had successfully objected to the admission of the recordings at trial, he would have forfeited his opportunity to rely on the absence of a "complete" recording for impeachment purposes.

Defendant has failed to establish that defense counsel's representation fell below an objective standard of reasonableness, or that any of the alleged deficiencies in counsel's performance affected the outcome of defendant's trial. See *id*. On this record, it is clear that defense counsel's trial strategy prompted his decision to stipulate to the admission of the police recordings and proceed with defendant's trial. Again, "[w]e will not substitute our judgment for that of counsel on matters of trial strategy, [or] . . . use the benefit of hindsight when assessing counsel's performance." *Payne*, 285 Mich App at 190.

### III. CONCLUSION

-4-

Defendant has failed to demonstrate that defense counsel provided ineffective assistance when he failed to object to the admission of the police recordings or request an adjournment.

Affirmed.

/s/ Kathleen Jansen
/s/ Peter D. O'Connell
/s/ Michael J. Riordan