# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON JAMES SPURLOCK,

        Defendant-Appellant.

UNPUBLISHED
October 13, 2016

No. 326787
Alger Circuit Court
LC No. 13-002082-FH

Before: MARKEY, P.J., and MURPHY and RONANYE KRAUSE, JJ.

PER CURIAM.

Following a bench trial, the trial court convicted defendant of four counts of assault with a dangerous weapon (felonious assault), MCL 750.82, one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and carrying a dangerous weapon (CCW) while under the influence of alcohol, MCL 28.425k(2)(a). The court found defendant not guilty of carrying a weapon with the intent to unlawfully use it against another person, MCL 750.226, as well as not guilty of the associated charge of felony-firearm. The court sentenced defendant to two years' imprisonment for the felony-firearm conviction, 24 days for the CCW while under the influence conviction, and 24 days to 12 months followed by three years' probation for each felonious assault conviction.[1] Defendant appeals by right. We affirm.

## I. FACTS

Defendant's convictions arise from an incident in which he assaulted his in-laws and two of their friends after an argument with his father-in-law late in the evening of November 14, 2013. As Troopers Nolan and Rajala were en route to the scene, they found defendant in his truck on the side of the road. Nolan asked defendant whether he was involved in the altercation to which they were responding. Defendant stated that he had been at his father-in-law's house and that an altercation took place during which his father-in-law had struck him. Defendant admitted that a loaded pistol was under the seat. Officer Nolan noticed the odor of alcohol on

---

[1] The felony-firearm sentence is consecutive to the CCW while under the influence sentence. The felonious assault sentences are concurrent with each other and the felony-firearm sentence. The court awarded 24 days' sentencing credit against each sentence.

-1-

defendant's breath, along with slurred speech and bloodshot eyes. Defendant was arrested for possession of a firearm while intoxicated. The troopers then proceeded to the scene and learned that defendant had assaulted the victims with a pistol and threatened to kill them.

At trial, defendant denied having any memory of events that transpired after he took his prescription medications, Ambien and Xanax, at his cabin earlier on the day in question. Defendant maintained that he was temporarily insane as a result of involuntarily intoxication from drinking alcohol and ingesting those medications, which he asserted put him into an somnambulistic (sleepwalking) state and rendered him unable to form the intent necessary to commit the charged offenses.

## II. ANALYSIS

### A. ASSISTANCE OF COUNSEL AT TRIAL

Defendant first argues that he was denied the effective assistance of counsel at trial by trial counsel's not having objected to Trooper Rajala's testimony and for having called certain witnesses.

To preserve a claim of ineffective assistance of counsel, a defendant must move the trial court for a new trial or an evidentiary hearing. *People v Heft,* 299 Mich App 69, 80; 829 NW2d 266 (2012). This issue is unpreserved because, while an evidentiary hearing was held, it did not cover objections to Trooper Rajala's testimony or trial counsel's presentation of witnesses.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews a trial court's factual findings for clear error, and reviews constitutional questions de novo. *Id.* Review of unpreserved ineffective assistance claims is limited to errors apparent on the record. *People v Payne Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004).

The defendant bears the burden of overcoming the presumption that trial counsel provided effective assistance. *LeBlanc*, 465 Mich at 578. To establish ineffective assistance of counsel, a defendant must establish that the representation provided by counsel fell below an objective standard of reasonableness and that but for counsel's unprofessional errors the outcome of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas,* 496 Mich 557, 592; 852 NW2d 587 (2014). A defendant must overcome a strong presumption that counsel's tactics constituted sound trial strategy. *Id*. at 585; *LeBlanc*, 465 Mich at 578.

Defendant first challenges trial counsel's failure to object to Trooper Rajala's testimony regarding his drug recognition training. Defendant, however, has neither set forth any specific testimony to which trial counsel should have objected nor provided record citations to indicate where the allegedly objectionable testimony might be found. Instead, defendant simply challenges Trooper Rajala's testimony generally on the ground that it was damaging. Further, defendant has presented no argument to show a reasonable probability that the outcome of the proceedings would have been different had trial counsel performed better. These failures

constitute an abandonment of this argument. See *People v Smyers*, 398 Mich 635, 642; 248 NW2d 156 (1976).

Defendant also argues that trial counsel called witnesses of no evidentiary value or who provided testimony that put defendant's credibility in a poor light or otherwise damaged the defense. With respect to Drs. Jason Hafron and Norman Kakos, defendant's scant argument that their testimony "added no real merit to his case" and "was not the only way to admit into evidence his prescriptions" includes neither record citations nor explanation how the defense was disadvantaged by the introduction of the testimony of those witnesses. He also fails to explain how the outcome of the proceedings would have been different had their testimony not been presented. Similarly, defendant's argument that the testimony of Dr. Nicholas Dutcheshen was "of little evidentiary value . . . but did damage defendant's credibility as Dr. Dutcheshen testified that he was unaware that he had been prescribed Ambien and Xanax" includes neither record citations nor substantive analysis in support of his blanket assertion that his credibility was damaged. These failures constitute an abandonment of this argument. *Smyers*, 398 Mich at 642.

Next, defendant challenges trial counsel's decision to call the bartender who was working at the bar that defendant visited on the night in question because she testified in contravention to defendant's testimony that he typically consumed alcohol in mere quarter shots and because counsel should have understood her testimony that defendant was behaving normally would undercut the theory that defendant was in a somnambulistic state when he committed the offenses. However, trial counsel's closing argument included the following:

> [H]e's alone, he sits as if he's tired, he has his head in his hands, he talks to no one at the bar, but has his usual drink, she says that it is an ounce, had his head resting on his cheek, talked small talk. He . . . thought it was about mortgages. He's left in the condition of sober, but had had a long day working on his cabin. If that's her recollection of what he says and where he had been, that's not a state of clear, cogent, but confused. He'll [sic] appeared extremely tired, his gait is just fine.

It is thus apparent that trial counsel called the bartender to establish that defendant was not in a state of clear mind when he was in the bar, but rather was confused. On this record, defendant has failed to overcome the strong presumption that trial counsel's decision to call that witness constituted sound trial strategy. *LeBlanc*, 465 Mich at 578. Further, defendant has offered no argument to suggest how the outcome of the proceedings would have been different had the testimony not been presented. *Vaughn*, 491 Mich at 669.

Last, defendant challenges trial counsel's decision to call Deputy Jason Lindquist because Lindquist testified that defendant did not appear to him to be sleepwalking when he was booked into the jail. However, trial counsel included the following in closing argument:

> The Defendant is dumbfounded at the accusations. [Lindquist] requests no blood tests. He found [defendant] to be intoxicated, without any symptoms; his balance is fine, his speech is fine. But everybody finds intoxication; talk about creating . . . a scenario. The Government had the scenario of the alcohol, when it came to pass that they're now saying there wasn't sufficient to have a blackout, there wasn't sufficient to do all of this.

It is thus apparent that trial counsel sought to present Deputy Lindquist as describing defendant as intoxicated while inconsistently describing him as exhibiting normal functioning and admitting to having run no tests relating to intoxication at the time relevant. Although we agree that Lindquist's testimony was of minimal value to the defense, it was not so lacking in appropriateness as to overcome the presumption that calling that witness was sound strategy. *LeBlanc*, 465 Mich at 578. Further, defendant has again presented no argument with respect to how the outcome of the proceeding would have been different had the testimony not been presented. *Vaughn*, 491 Mich at 669.

Although defendant has not argued that the outcome of the proceedings would have been different had each instance of challenged testimony not been presented, he argues that the cumulative effect of the testimony was to bolster the prosecution's "theory of malingering." Defendant fails, however, to provide any analysis in support of this argument, thus abandoning it. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

For these reasons, defendant has failed to establish that he was denied the effective assistance of counsel at trial.

## B. ASSISTANCE OF COUNSEL DURING PLEA NEGOTIATIONS

Defendant argues that he was denied the effective assistance of counsel during plea negotiations when trial counsel erroneously informed him that the prosecutor was unprepared for trial and that a counteroffer might result in a more favorable offer, leading defendant to reject a favorable plea offer.

"[A] defendant is entitled to the effective assistance of counsel in the plea-bargaining process." *Douglas*, 496 Mich at 591-592. Trial counsel has "the critical obligation" to advise the defendant of the advantages and disadvantages of the plea agreement, and counsel must provide advice during plea negotiations that is sufficient to allow the defendant "to make an informed and voluntary choice between trial and a guilty plea." *Id.* at 594-595 (citations omitted). For a defendant to succeed in claiming ineffective assistance in this context, the defendant must still meet the two-pronged ineffective assistance standard, and to demonstrate prejudice the " 'defendant must show the outcome of the plea process would have been different with competent advice' " *Id.* at 592. If the alleged prejudice occurred because a defendant rejected the plea offer and stood trial,

> "[the] defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." [*Id.*, quoting *Lafler v Cooper*, 566 US ___; 132 S Ct 1376, 1385; 182 L Ed 2d 398 (2012).]

There is no dispute that on August 14, 2014, the prosecutor offered to accept a plea to two counts of felonious assault and one count of CCW with unlawful intent in return for

dismissal all other charges, including the two counts of felony-firearm and attendant mandatory two-year consecutive prison sentences. The result would likely have placed defendant's sentence within a straddle cell, and the original presiding judge indicated an inclination to sentence defendant to a term of jail incarceration term rather than imprisonment. There is also no dispute that trial counsel conveyed the offer and the result of the *Cobbs* hearing to defendant via electronic mail and that trial counsel and defendant discussed the offer. According to defendant, trial counsel characterized the prosecution as unprepared for the September 15, 2014 trial date and suggested that a counteroffer might result in yet a more favorable offer. After discussions with trial counsel, defendant chose not to accept the plea offer, which expired on September 1, 2014.

Defendant's trial counsel was not called to testify at the evidentiary hearing. Defendant testified that he decided to go to trial because trial counsel told him that he had a really good case, because he could end up with no felonies on his record, and because trial counsel told him that he thought defendant could get a better offer. He argued that the record did not reflect that the prosecutor was ever so unable to proceed to trial that advice to reject a plea offer on that basis could be considered competent performance. Following the hearing, the successor judge found that defendant was not denied the effective assistance of counsel during plea negotiations, explaining as follows:

> The record is undisputed that [defense counsel] characterized the prosecution as unprepared to meet [the "Ambien defense"] in relation to the September 15, 2015 [sic] jury trial date. Plea negotiations occurred under a September 01 deadline by which the prosecutor's offer would expire. Given the degree of defense counsel's preparation, as evidenced by the January-February trial, this Court draws the inference that defense counsel was ready with all of these expert witnesses, had a thorough understanding of the facts, and was prepared to offer the same defense at that September 15 jury trial as was offered at the January 26 bench trial.

> Defense counsel's assessment of opposing counsel's state of readiness, in this court's judgment, falls within the range of reasonable, professional judgment and assistance of counsel in helping his client make a decision on whether to accept a plea offer, make a counter offer, or proceed to trial.

> * * *

> . . . There is no question . . . if [defendant] accepted the prosecutor's offer before it expired on September 01, he would have had a more favorable outcome than the trial outcome. Based on the *Cobbs* hearing, if [defendant] accepted the offer he would have served county jail time, perhaps up to one year, followed by a period of probation. Instead, he is serving a mandatory two years in prison followed by a probationary period. Local jail time of up to one year followed by probation is, without doubt, a more favorable sentence than two years in prison, followed by probation. Rather than having been convicted of three felonies, he now stands convicted of five felonies, a marginal difference.

This is hindsight. Defendant has not overcome the presumption of effective assistance of counsel. This court, in fact, finds trial counsel to have been effective during the plea negotiation phase.

Defendant produced no evidence at the evidentiary hearing regarding the advice that trial counsel provided with respect to the plea offer other than his own say-so. Nonetheless, even accepting as undisputed fact that trial counsel suggested to defendant that the prosecutor was not prepared for the upcoming trial date and that a better plea agreement might be offered or negotiated, defendant provided no basis for concluding that such advice was unreasonable. The trial date was not adjourned until after the plea offer expired. Thus, the adjournment played no role in the advice trial counsel provided regarding the prosecution's readiness for trial at the time the plea offer was presented to defendant. On this record, defendant has failed to show that trial counsel misled defendant or provided incorrect advice, and he has therefore failed to overcome the presumption of effective assistance of counsel. *Douglas*, 496 Mich at 585.

We affirm.

/s/ Jane E. Markey
/s/ William B. Murphy
/s/ Amy Ronayne Krause