# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
July 11, 2017

Plaintiff-Appellee,

v

No. 330935
Monroe Circuit Court
LC No. 14-041416-FH

RONALD BERNARD JONES-BURDINE,

Defendant-Appellant.

Before: FORT HOOD, P.J., and CAVANAGH and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction of felonious assault, MCL 750.82. Defendant was sentenced, as a fourth habitual offender, MCL 769.12, to 4 to 15 years' imprisonment. We affirm.

On appeal, defendant claims he received ineffective assistance of counsel at trial. We disagree.

"Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law." *People v Solloway*, 316 Mich App 174, 187; 891 NW2d 255 (2016), citing *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). "Generally, a trial court's findings of fact, if any, are reviewed for clear error, and questions of law are reviewed de novo." *Solloway*, 316 Mich App at 188 (citation omitted). However, where defendant did not move for a new trial or a *Ginther*[1] hearing, and a factual record was not created concerning defendant's claim of ineffective assistance of counsel, "this Court's review is limited to mistakes apparent on the lower court record." *Id*. (citation and footnote omitted).

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012) (citation omitted). When claiming ineffective assistance of counsel, it is defendant's burden to prove "(1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

of . . . defendant's trial would have been different." *Solloway*, 316 Mich App at 188 (citations omitted). "[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]" *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Trial counsel's performance is evaluated by an objective standard of reasonableness and without the benefit of hindsight. *People v Payne*, 285 Mich App 181, 188, 190; 774 NW2d 714 (2009). "[D]efendant must overcome the strong presumption that [trial] counsel's performance" resulted from sound trial strategy. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012) (citation omitted). "A particular strategy does not constitute ineffective assistance of counsel simply because it does not work." *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004).

Defendant first argues that trial counsel's assistance was constitutionally deficient where a "trial stipulation" was not admitted during trial. The stipulation provided, in pertinent part, as follows:

1.      That no [DNA], fingerprints or other forensic evidence from Roger Allen [were] found on the roofing shovel; and

2.      That no [DNA], blood, fingerprints or other forensic evidence from . . . [defendant] Ronald Jones-Burdine [were] found on the roofing shovel.

On direct examination, Monroe Police Corporal Kent Jeppesen conceded that no fingerprints were collected at the scene of the assault on Jack Roger Allen, and although Corporal Jeppesen did examine the roofing shovel,[2] the surface of the tool was not conducive to recovering fingerprints. Corporal Jeppesen also stated that he did not see any blood on the shovel when he examined it. Similarly, trial counsel reiterated in his closing argument that no physical evidence was found to implicate defendant in the assault on Allen. Consequently, any stipulation regarding the lack of evidence found on the roofing shovel was unnecessary where the record evidence clearly established that an examination of the roofing shovel did not yield evidence of blood, and the surface of the shovel was not conducive to testing for fingerprints. Therefore, defendant has failed to demonstrate that, in not moving to introduce the stipulation at trial, trial counsel's performance fell below an objective standard of reasonableness. *Solloway*, 316 Mich App at 188.

Next, defendant claims that trial counsel was ineffective for eliciting testimony from Allen that defendant sold heroin to Allen's son. A review of the lower court record confirms that defendant's theory of the case was that defendant was not the individual who engaged in the assault on Allen. Specifically, defendant argued at trial that Allen was attempting to blame the assault on defendant because of defendant's actions in selling heroin to Allen's son. Therefore, it is clear that trial counsel elicited the challenged testimony to suggest that (1) Allen was lying about who had perpetrated the assault, and (2) Allen had ulterior motives for blaming defendant. Consequently, contrary to defendant's argument on appeal, the challenged testimony was not

---

[2] The roofing shovel was the weapon used to assault Allen.

admitted for an improper purpose in contravention of MRE 404(b)(1). As defendant was convicted, we recognize that trial counsel's trial strategy was ultimately unsuccessful. However, although a trial strategy may fall short, it does not necessarily amount to ineffective assistance of counsel. *Matuszak*, 263 Mich App at 61. Accordingly, we are not persuaded that trial counsel's performance fell below an objective standard of reasonableness. *Solloway*, 316 Mich App at 188.

Finally, defendant argues that trial counsel was ineffective for failing to impeach Allen with his prior convictions related to theft. See MRE 609. As noted above, our review is limited to mistakes apparent on the existing lower court record. *Solloway*, 316 Mich App at 188. Moreover, decisions regarding how to cross-examine witnesses are presumed to be matters of trial strategy. *In re Ayres*, 239 Mich App 8, 23; 608 NW2d 132 (1999). During cross-examination, trial counsel inquired of Allen whether "[w]ithin the last ten years," Allen had been convicted of any crimes dealing with theft or dishonesty. In response, Allen stated, "I don't remember." Defendant has attached to his brief on appeal a copy of Allen's offender profile under the Offender Tracking Information System (OTIS), which confirms that Allen had several theft-related prior convictions. However, defendant simply has not overcome the presumption that trial counsel's choice not to pursue the admission of Allen's prior convictions was sound trial strategy. *Trakhtenberg*, 493 Mich at 52. Specifically, trial counsel may have surmised that some or all of Allen's convictions did not meet the requirements of MRE 609 or that the trial court would not allow the evidence of the prior convictions. The trial took place September 14, through September 16, 2015. Under MRE 609(c), the time limit is ten years from the LATER OF the date of conviction or the date of release from confinement. Therefore the convictions could go back to September 14, through September 16, 2005. The offense also has to be punishable by "in excess of one year or death" under MRE 609(a)(2)(A). According to OTIS (Offender Tracking Information System), there are only two offenses that would be admissible to be used against the victim:

Sentence 1: Larceny, MCL 750.356(3)(a) (max 3 years, discharged 10/08/2009)

Sentence 5: B&E vehicle, MCL 750.356a(2)(c)(i) (max 3 years 3 mos, discharged 08/31/2009)

"Sentence 5" was imposed in 2004, and "Sentence 1" was imposed on the date the victim was discharged for "Sentence 5", so it was clearly intended to be consecutive. Therefore, if the victim was asked about "convictions" and interpreted that as the date he was convicted rather than discharged, ONLY Larceny would fit the actual question. The victim's lack of recollection is not implausible.

Further, we observe that trial counsel did strenuously attack Allen's credibility, and his recollection of the events of April 17, 2014, during cross-examination and closing argument. Thus, even without referring specifically to Allen's prior convictions, trial counsel thoroughly challenged Allen's credibility. At one point, trial counsel went so far as to ask Allen if he understood the need to testify in a completely truthful manner, and if Allen understood what

perjury was. Accordingly, defendant's claim that trial counsel's performance fell below an objective standard of reasonableness is without merit.[3]

Affirmed.

/s/ Karen M. Fort Hood
/s/ Mark J. Cavanagh
/s/ Amy Ronayne Krause

---

[3] In his brief on appeal, defendant briefly alludes to the fact that the corporeal lineup in which Allen identified him in August 2014 held a "susceptibility to undue suggestion." However, because defendant did not include this issue in his statement of the issue presented and he has not presented any legal authority to support this claim, any argument is waived on appeal. MCR 7.212(C)(5); *People v Mackle*, 241 Mich App 583, 604 n 4; 617 NW2d 339 (2000).