# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
June 12, 2018

Plaintiff-Appellee,

v

No. 337869
Oakland Circuit Court
LC No. 2016-259512-FH

ANTHONY DARRYL COLBERT,

Defendant-Appellant.

Before: SAWYER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

Defendant appeals as of right his jury convictions on two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(a) (sexual contact with a person under 13 years of age). Defendant was sentenced to 84 to 180 months' imprisonment for each conviction—an upward departure from his recommended minimum sentencing guidelines range. Defendant contends on appeal that (1) there was insufficient evidence to support one of his two convictions, (2) the trial court improperly departed upward from his minimum sentencing guidelines range of 36 to 71 months' imprisonment, and (3) defendant's counsel was ineffective for waiving his preliminary examination. We affirm.

## I. SUFFICIENCY OF THE EVIDENCE

"A challenge to the sufficiency of the evidence in a jury trial is reviewed de novo, viewing the evidence in the light most favorable to the prosecution, to determine whether the trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt." *People v Gaines*, 306 Mich App 289, 296; 856 NW2d 222 (2014). "All conflicts in the evidence must be resolved in favor of the prosecution, and circumstantial evidence and all reasonable inferences drawn therefrom can constitute satisfactory proof of the crime." *People v Solloway*, 316 Mich App 174, 180-181; 891 NW2d 255 (2016) (citations omitted). It is the role of the trier of fact to determine the weight of the evidence and the credibility of the witnesses. *People v Stevens*, 306 Mich App 620, 628; 858 NW2d 98 (2014).

"A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and . . . [t]hat other person is under 13 years of age." MCL 750.520c(1)(a).

-1-

"Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner . . . . [MCL 750.520a(q).]

" 'Intimate parts' include[] the . . . breast of a human being." MCL 750.520(f).

In this case, the testimony of the victim, JC, actually suggests that defendant groped her breasts three separate times. JC testified that in October of 2015, defendant approached her, put his arms around her, and began touching her breasts. On direct examination, JC testified that after defendant first grabbed her, JC tried moving his hands away:

> *Q*. How?
>
> *A*. Like I just pushed his arms down.
>
> *Q*. You pushed his arms down. What did he do?
>
> *A*. Put them back up.
>
> *Q*. Put what back up?
>
> *A*. His hands.
>
> *Q*. Where?
>
> *A*. Back on my chest.
>
> *Q*. Back on your chest. And what happened when he put his hands back on your chest?
>
> *A*. I – I moved them down again.
>
> *Q*. With what?
>
> *A*. With my hands.
>
> *Q*. What happened when you moved his hands away from your chest again with your hands.
>
> *A*. He put them back up again.
>
> *Q*. He put them back – when you say them, what are you referring to?
>
> *A*. His hands.

*Q.* And he put them back up where?

*A.* On my chest.

A rational trier of fact could have found the essential elements to support three separate second-degree criminal sexual conduct convictions based upon JC's testimony alone. Notwithstanding, the victim's mother, RC, testified that JC told her that defendant had touched JC's breasts "twice in [the] same occasion." RC then testified that defendant had confessed to her "the same thing." That is, defendant confessed to RC that he touched JC's breasts twice.

Defendant relies almost entirely on an unpublished, and thus, nonbinding, sentencing case for the contention that the three distinct grabbing events illustrated by JC's testimony actually constituted one continuous sexual transaction. See MCR 7.215(C)(1). Far more analogous to the case at hand is *People v Matuszak*, 263 Mich App 42, 46; 687 NW2d 342 (2004), which was distinguished in the case cited by defendant.

In *Matuszak*—the relevant portion of which also has to do with sentencing—"the victim testified that defendant threw her to the ground and partially inserted his penis into her vagina once, and that he then threw her onto the trunk of the car where he inserted his finger into her vagina, partially inserted his penis into her vagina twice, and fully inserted his penis into her vagina once." *Id*. at 46. For the purpose of scoring OV 11, this Court agreed with the trial court and found that "the evidence established five instances of sexual penetration during the assault, four involving penile penetration and one involving digital penetration." *Id*. at 61.

*Matuszak* is similar to this case. JC's testimony indicates that defendant's hands were removed from her breasts, and that defendant again placed his hands on JC's breasts multiple times. Even more than the evidence available in *Matuszak*, however, JC's testimony was corroborated by RC, who testified that *both* JC and defendant confessed that defendant touched JC's breasts more than once. Accordingly, sufficient evidence was produced at trial for a reasonable jury to convict defendant of two separate counts of second-degree criminal sexual conduct.

## II. SENTENCING

This Court reviews a sentence that departs from the applicable advisory guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017) (citations omitted). In determining whether a trial court abused its discretion by unreasonably departing from the sentencing guidelines, this Court reviews whether the Court conformed to the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). *Steanhouse*, 500 Mich at 476-477. " '[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range.' " *Id*. at 472, quoting *Milbourn*, 435 Mich at 661. Sentences must be proportionate to the " 'seriousness of the circumstances surrounding the offense and the offender.' " *Steanhouse*, 500 Mich at 474, quoting *Milbourn*, 435 Mich at 636.

To facilitate appellate review, a sentencing court must explain "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017), quoting *Steanhouse*, 500 Mich at 470, and *People v Smith*, 482 Mich 292, 311; 754 NW2d 284 (2008).

> [R]elevant factors for determining whether a departure sentence is more proportionate than a sentence within the guidelines range continue to include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the guidelines but given inadequate weight. [*Dixon-Bey*, 321 Mich App at 525 (citations omitted).]

Where this Court determines that a trial court "has abused its discretion in applying the principle of proportionality by failing to provide adequate reasons for the extent of the departure sentence imposed, it must remand to the trial court for resentencing." *Steanhouse*, 500 Mich at 476, citing *Milbourn*, 435 Mich at 665.

Defendant contends that the trial court violated the principle of proportionality when it departed upward from the recommended minimum sentencing guidelines range because factors cited by the trial court had already been considered in the calculation of defendant's guidelines. Namely, the trial court cited the fact that defendant was JC's father and thus his sexual conduct involved a "betrayal of trust" but, defendant contends, the father-daughter relationship had already been contemplated in the scoring of offense variable (OV) 10. We cannot agree.

MCL 777.40 provides for the scoring of OV 10, which deals with the "exploitation of a vulnerable victim." MCL 777.40(1). A trial court may assess 15 points for OV 10 where "[p]redatory conduct was involved" in the crime. MCL 777.40(1)(a). " 'Predatory conduct' means preoffense conduct directed at a victim, or a law enforcement officer posing as a potential victim, for the primary purpose of victimization." MCL 777.40(2)(a). Defendant was properly assessed 15 points for OV 10 based upon the testimony having established that defendant engaged in "grooming behaviors" with JC, and based upon defendant's predatory behavior toward JC, including ensuring that she was alone before proceeding to sexually assault her. Thus, defendant's argument regarding OV 10 is without merit.

Defendant also contends that the trial court improperly considered defendant's failure to acknowledge his guilt as a factor in its decision to depart upward. The trial court explicitly noted, however, that it "did *not* punish [] defendant for . . . claiming his innocence at trial," but instead took "into account [defendant's] inability to be rehabilitated in light of [his] statements to the court at the time of sentencing." In determining that defendant was unlikely to be rehabilitated, the court focused on defendant's characterization of his criminal conduct as "purely a[n] innocent thing." Defendant essentially admitted to the conduct, but qualified it as "seem[ing] like a very heinous thing," but actually just being a "dumb" decision made when defendant "was not thinking clearly." The trial court found that defendant's confession of the conduct, coupled with his inability to understand its inherent criminality, suggested that defendant would not be easily rehabilitated.

Further, the trial court specifically found that those factors justified the 13 month or "20 percent increase in the top of the guideline[s] range," and that such an increase was not only

minimal, but reasonable and more proportional to the offense and the offender than the original guidelines range. The trial court gave adequate justification for its departure, and thus, did not abuse its discretion. See *Dixon-Bey*, 321 Mich App at 525, citing *Steanhouse*, 500 Mich at 476.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

"To prevail on a claim of ineffective assistance of counsel, a defendant bears a heavy burden to establish that (1) counsel's performance was deficient, meaning that it fell below an objective standard of reasonableness, and (2) but for counsel's error, there is a reasonable probability that the outcome of the defendant's trial would have been different." *People v Solloway*, 316 Mich App 174, 188; 891 NW2d 255 (2016). However, such performance must be evaluated without the benefit of hindsight, *People v LaVearn*, 448 Mich 207, 216; 528 NW2d 721 (1995), and the defendant must overcome a strong presumption that counsel's actions were based on reasonable trial strategy, *People v Cline*, 276 Mich App 634, 637; 741 NW2d 563 (2007). Because an evidentiary hearing was not held in the trial court our review is limited to mistakes on the existing record. See *People v Nix*, 301 Mich App 195, 207; 836 NW2d 224 (2013).

Defendant suggests that his counsel was ineffective for convincing defendant to waive his preliminary examination, and that the waiver of defendant's preliminary examination affected the outcome of the trial because defendant's subsequent replacement counsel was unable to adequately prepare. Defendant has failed to support either argument with applicable facts or law, but notwithstanding, the arguments are without merit.

Defendant contends that his counsel was ineffective for waiving defendant's preliminary examination, but defendant fails to address the fact that it was, in fact, *defendant* who waived his preliminary examination, *and* that the trial court already found defendant's waiver to have been knowingly, voluntarily, and intelligently made. On appeal, defendant has failed to provide facts that would suggest anything to the contrary, and his argument fails on those grounds alone. Moreover, defendant has neither alleged nor provided facts or evidence to suggest that his trial counsel advised him to waive his preliminary examination, nor that such advice would have been erroneous. Even assuming arguendo that defendant's counsel was deficient, defendant also fails to adequately address the issue of prejudice.

With no further explanation, defendant contends that the waiver of defendant's preliminary examination allowed the prosecution to "change strategy mid-trial," and prohibited his replacement counsel from adequately preparing for that strategy. Defendant argues that the prosecution intended to convict defendant of two charges of second-degree criminal sexual conduct based upon two separate events: one occurring in 2011 and the other in 2015. After JC's trial testimony opened the door to the argument that several acts of criminal sexual conduct actually occurred during the singular 2015 event, the prosecution changed its strategy to focus on that event alone, and defendant's counsel was unprepared for that change of strategy. Presumably, although defendant's brief on appeal is less than clear, defendant's argument suggests that his replacement trial counsel would have anticipated the change in strategy in such a way that would have likely altered the outcome of the case if they had available to them preliminary examination testimony with which to prepare.

First, and most importantly, defendant's allegation that one of defendant's two charges was originally based upon conduct that occurred in 2011 is baseless. The prosecution denies that claim, and the lower court record does not support it. In a motion to introduce evidence of prior bad acts before the trial court, the prosecution described defendant's charges as "two incidents of groping his young daughter's breasts," and the prosecution's opening statement at trial suggests the same. Second, defendant gives no description whatsoever of the testimony that would have been given at the preliminary examination that would have assisted defendant at trial, let alone evidence that would have been likely to change the outcome of the case.

Having failed to show that his counsel was deficient for consenting to the waiver of defendant's preliminary examination, and having failed to show that he was prejudiced by the waiver, defendant has failed to show that he was deprived effective assistance of counsel.

Affirmed.


/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood