*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

WILLIAM THOMAS ALLEN,

        Defendant-Appellant.

UNPUBLISHED
March 25, 2021

No. 351708
Leelanau Circuit Court
LC No. 2019-001995-FH

Before: MURRAY, C.J., and M. J. KELLY and RICK, JJ.

PER CURIAM.

Defendant pleaded guilty to third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a) (victim between 13 and 15 years of age). The trial court sentenced defendant to serve a prison term of 10 to 15 years. Defendant appeals by delayed leave granted.[1] We affirm.

## I. BACKGROUND

This case arises out of defendant's sexual penetration of a child who was 15 years old. The sexual activity lasted five minutes, and the victim indicated in her interview with the police that defendant had to reinsert his penis into her vagina on at least two occasions. During the investigation, several nude photographs of the victim, which she had sent to defendant, were found on defendant's cell phone.

Defendant admitted at the plea hearing that he had sexual intercourse with the victim, but testified that he did not know that she was 15 years old at the time of the offense. The parties also agreed that in exchange for pleading guilty to CSC-III, the prosecution would dismiss a charge of accosting a child for immoral purposes, MCL 750.145a, and not charge defendant with any future crimes in this case related to the victim.

At the sentencing hearing, defendant challenged the score of 50 points for offense variable (OV) 11. Defendant argued that he did not reinsert his penis into the victim's vagina because it

---

[1] *People v Allen*, unpublished order of the Court of Appeals, entered January 17, 2020 (Docket No. 351708).

-1-

never "fell out." Therefore, defendant argued that zero points should be assessed for OV 11 on the basis that there was only one sexual penetration that arose out of the sentencing offense. The trial court found that defendant had reinserted his penis into the victim's vagina, and scored 50 points for OV 11.

The trial court concluded that the suggested guidelines range of 57 to 95 months' imprisonment was inadequate considering the severity of defendant's conduct and his criminal history, noting that defendant "has now on three occasions been involved [with] girls that are under the age of 16 years old, that's a threat to the community, that's something we can't countenance." This appeal followed.

## II. ANALYSIS

### A. OV 11

Offense variable 11[2] requires a trial court to score 50 points if "two or more criminal sexual penetrations occurred," MCL 777.41(1)(a), other than the one that comprises the charged offense, with "sexual penetration" being defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body . . . ." MCL 750.520a(r).

Here, the victim stated that during the approximately five-minute act of sexual intercourse, defendant inserted his penis into her vagina, and then "the defendant's penis had to be re-inserted into her vagina on at least two occasions." The first penetration was sufficient to support the CSC-III that defendant pleaded guilty to, and the remaining two or more penetrations that occurred during the act of sexual intercourse allowed the scoring of 50 points for OV 11. There is nothing in the language of the statute that allows for the conclusion that "sexual intercourse" encompasses as many penetrations that occur during the course of a single sexual assault. Instead, the use of the phrase "sexual intercourse" in MCL 750.520a(r) is a description of a type of sexual activity, as opposed to the other types contained in the same provision. However, because OV 11 focuses on penetrations, each penetration above the one that formed the bases of the CSC-III charge that defendant was sentenced on counts as a separate penetration. That was the conclusion of this Court in *People v Matuszak*, 263 Mich App 42, 61; 687 NW2d 342 (2004), where we held that the trial court properly scored five penetrations under OV 11 when the defendant repeatedly inserted his penis (and fingers) into the victim during the course of the same assault.[3]

---

[2] "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

[3] We respectfully disagree with the dissent's reliance on a foreign decision when *Matuszak* is directly on point. Indeed, we must adhere to *Matuszak*, MCR 7.215(J)(1), which as the dissent's discussion of that case recognizes, involved separate penile insertions into the vagina during the same assault. *Matuszak*, 263 Mich App at 46 (Court upheld the scoring of five sexual penetrations

B. SENTENCE

We also hold that the trial court did not abuse its discretion in sentencing defendant to a sentence that exceeded the maximum provided by the discretionary sentencing guidelines. We review a sentence that departs from the sentencing guidelines range for "reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*. "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v Blevins*, 314 Mich App 339, 348-349; 886 NW2d 456 (2016).

"[A] sentencing court must determine the applicable [sentencing] guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 365. However, the sentencing guidelines are only advisory, so we review a sentence that departs from the sentencing guidelines range for "reasonableness." *Id*. at 365, 392. To determine whether a sentence is reasonable, we look to the principle of proportionality test set forth in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), abrogated by *Steanhouse*, 500 Mich 453 (2017). *Steanhouse*, 500 Mich at 459-460, 471-473. Under *Milbourn*, a sentence is reasonable if it is "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460 (quotation marks and citation omitted). A trial court may consider the following nonexhaustive factors when determining whether a sentence is reasonable:

> (1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Walden*, 319 Mich App 344, 352-353; 901 NW2d 142 (2017) (quotation marks and citations omitted).]

A trial court may impose a departure sentence if it determines that "the recommended range under the guidelines is disproportionate, in either direction, to the seriousness of the crime." *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017), vacated in part on other grounds 504 Mich 969 (2019) (quotation marks and citation omitted). A sentencing court is no longer required to state "substantial and compelling reasons" for a departure sentence,

---

based on the victim's testimony "that defendant threw her to the ground and partially inserted his penis into her vagina once, and that he then threw her onto the trunk of the car where he inserted his finger into her vagina, partially inserted his penis into her vagina twice, and fully inserted his penis into her vagina once.").

but it "must justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 392.

The trial court appropriately concluded that the sentencing guidelines did not adequately account for defendant's criminal history and the nature of the offense.[4] Defendant had a prior misdemeanor for assault and battery relating to inappropriately touching an underage female over her clothing. More importantly, defendant had a prior felony for fourth-degree criminal sexual conduct, in which defendant knowingly had sexual intercourse with an underage girl.[5] The guidelines did not adequately account for defendant's history of sexually assaulting underage girls, nor did they adequately account for the fact that defendant did not know why this victim did not tell a "little white lie" and say that she was 16 years old when defendant sexually assaulted her. Additionally, as the trial court stated, defendant's total OV score of 120 was well beyond the maximum of 75 points contemplated by the applicable guidelines grid. For these reasons, defendant has failed to demonstrate that the trial court abused its discretion by determining that the sentencing guidelines were inadequate to account for defendant's criminal behavior.

Nor did the trial court fail to justify the degree of its departure. Although the trial court's minimum sentence of 10 years was almost two years over the minimum guidelines range of 57 to 95 months, this departure was not disproportionate. "[T]he key test [of proportionality] is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *Milbourn*, 435 Mich at 661. Here, for the reasons previously discussed, the trial court clearly sentenced defendant above the guidelines range on the basis of the seriousness of defendant's conduct, especially in light of his criminal history involving sexual assaults against underage girls, and because his total OV score of 120 points exceeded the maximum contemplated by the guidelines grid. Therefore, the trial court adequately explained how its departure sentence was "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Steanhouse*, 500 Mich at 460 (quotation marks and citation omitted).

---

[4] The trial court's first stated reason for exceeding the guidelines range was the fact that the prosecution dropped the charge of accosting a child for immoral purposes in exchange for defendant's plea and that the prosecution also agreed not to pursue charges dealing with child sexually abusive material as a result of the plea. However, although unclear from the record, it appears likely that these uncharged crimes were considered in the assessment of five points for OV 12 and 25 points for OV 13, and the trial court did not explain why or how these OVs failed to adequately take defendant's behavior into account.

[5] Defendant's conviction was dismissed under the Holmes Youthful Trainee Act, MCL 762.11. The parties agree that five points rather than zero points should have been assessed for prior record variable (PRV) 2 because defendant's CSC-IV conviction was a qualifying conviction for purposes of scoring PRV 2. However, because the trial court did not consider defendant's CSC-IV conviction when scoring the PRVs, it properly considered the conviction when justifying defendant's upward departure sentence.

Affirmed.

/s/ Christopher M. Murray
/s/ Michelle M. Rick