*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

UNPUBLISHED
June 22, 2023

v

No. 359532
Kent Circuit Court
LC No. 19-008441-FC

PAUL MICHAEL TALAMANTEZ,

      Defendant-Appellant.

Before: CAMERON, P.J., and MURRAY and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his conviction of carjacking, MCL 750.529a. The trial court sentenced defendant as a fourth-offense habitual offender to 10 to 30 years' imprisonment. On appeal, defendant contends that defense counsel was ineffective for failing to move for a mistrial or, alternatively, failing to request that the trial court question the jurors about their ability to remain impartial after the victim testified at trial that defendant called him from jail. We disagree and affirm.

Defendant was convicted of carjacking a van owned by Elmer Rodas De Leon, an undocumented immigrant who ran a painting business. Early in the morning, Rodas De Leon stepped out of his house to head to work. Defendant came up behind him, pressed a weapon into his back, and demanded the key to his van. Rodas De Leon handed defendant the key and watched him drive away. Defendant drove to the home of an acquaintance of Rodas De Leon to sell a paint sprayer from the van. Recognizing the van and paint sprayer, the acquaintance contacted Rodas De Leon. Rodas De Leon then called the police. Defendant was apprehended at a nearby store.

During cross-examination of Rodas De Leon at defendant's trial, defense counsel elicited the following:

> *Q.* You believe you're going to get some type of immigration advantage from your testimony today?

*A*. No. That's not—so to tell you the truth, sir, no. I did not want to come here. The only reason that I'm coming here is to testify, to say what happens.

During redirect-examination, the prosecution asked Rodas De Leon about this testimony:

*Q*. Okay. You made a comment to [defense counsel] about how you don't want to be here.

*A*. Yes, I didn't want to be here for the same reason that—so by being here, I'm reliving that day, and this is more because this man there, he was calling me from jail.

*Q*. Let's stop there. I want to—

[*Defense Counsel*]: Move to strike. Could be [sic] approach?

The trial court granted defendant's motion to strike the testimony and instructed the jury not to consider the testimony in its deliberations. Defendant argues that defense counsel was ineffective because he did not request a mistrial in response to this exchange or request that the jurors be polled to ensure their continued impartiality in light of the testimony. We disagree that defense counsel rendered ineffective assistance and therefore affirm defendant's conviction.

A defendant's ineffective assistance of counsel claim "is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). This Court reviews the trial court's findings of fact for clear error, while it reviews questions of law de novo. *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). Because there was no evidentiary hearing held below, this Court's review is limited to mistakes that are apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012). "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).

Both the United States and Michigan Constitutions guarantee a defendant the right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. This state has adopted the federal constitutional standard for an ineffective assistance of counsel claim as set forth in *Strickland*.[1] *People v Pickens*, 446 Mich 298, 314; 521 NW2d 797 (1994). In order to obtain a new trial, a defendant must establish that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trakhtenberg*, 493 Mich at 51. A defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *Id*. at 52. However, this Court "cannot insulate the review of counsel's performance by calling it trial strategy." *Id*.

---

[1] *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

This Court will not substitute its own judgment for that of counsel or use the benefit of hindsight in assessing the defense counsel's competence. *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008). Defense counsel is not ineffective when he or she fails to make an objection that lacks merit. *People v Matuszak*, 263 Mich App 42, 58; 687 NW2d 342 (2004).

The decision to grant a mistrial because of an unresponsive answer rests in the sound discretion of the trial court. *People v Coles*, 417 Mich 523, 555; 339 NW2d 440 (1983), overruled in part on other grounds by *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). Trial courts are to refrain from declaring mistrials until "a scrupulous exercise of judicial discretion leads to the conclusion that the ends of public justice would not be served by a continuation of the proceedings." *People v Hicks*, 447 Mich 819, 829; 528 NW2d 136 (1994) (quotation marks and citation omitted). In the context of prosecutorial error, an unresponsive, volunteered answer that injects improper evidence into a trial is not grounds for mistrial "unless the prosecutor knew in advance that the witness would give the unresponsive testimony or the prosecutor conspired with or encouraged the witness to give that testimony." *People v Jackson (On Reconsideration)*, 313 Mich App 409, 427; 884 NW2d 297 (2015) (quotation marks and citation omitted). An unresponsive answer is generally not prejudicial "unless egregious or not amenable to a curative instruction." *People v Mahone*, 294 Mich App 208, 213; 816 NW2d 436 (2011).

The trial record shows that the prosecution had not yet asked a question when Rodas De Leon testified that defendant had called him from jail. Further, when Rodas De Leon made the statement, the prosecution immediately asked Rodas De Leon to stop his testimony. The record contains no suggestion that the prosecution intentionally elicited Rodas De Leon's response or conspired with him to offer this response. See *Jackson*, 313 Mich App at 427. Immediately after the exchange, the trial court granted defense counsel's request to strike the testimony and instructed the jury not to consider the testimony, presumably with the concurrence of the prosecuting attorney following a sidebar with the trial judge.

This statement was brief and promptly followed with an instruction to disregard it. Juries are presumed to follow their instructions. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998). Defendant cannot establish that this exchange warranted a mistrial because the prosecution did not elicit the improper testimony, the prosecution stopped Rodas De Leon from testifying further on the topic, and the trial court struck the testimony and issued an instruction to the jury to disregard it. See *Jackson*, 313 Mich App at 427; *Mahone*, 294 Mich App at 213.

Defendant cannot establish that defense counsel's performance fell below an objective standard of reasonableness for failing to request a mistrial. See *Trakhtenberg*, 493 Mich at 51. First, had defense counsel requested a mistrial in response to the exchange, the motion would have been denied by the trial court because, as discussed above, the brief unresponsive testimony was not prosecutorial error such that a mistrial was warranted. See *Jackson*, 313 Mich App at 427; *Mahone*, 294 Mich App at 213. Defense counsel is not ineffective for failing to make a futile objection. See *Matuszak*, 263 Mich App at 58. Second, defendant has not overcome the presumption that defense counsel's decision to request to strike the improper testimony as opposed to asking for a mistrial was born of sound strategy. See *Trakhtenberg*, 493 Mich at 52. Plainly, defense counsel was aware that the statement was improper and acted accordingly. In this case, the decision to strike the testimony as opposed to asking for a mistrial was a matter of degree. Given that mistrials are proper when the improper testimony was egregious or intentionally elicited

by the prosecution, defense counsel likely knew that the trial court would not grant a mistrial. If defense counsel had made such a futile request, he would have risked alienating both the judge and jury. Instead, he successfully moved for the testimony to be stricken. Because defendant has not met the first prong of *Strickland*, we need not consider the second prong.

Alternatively, defendant contends that defense counsel was ineffective because he failed to request that the jurors be questioned about their ability to remain impartial after Rodas De Leon testified that defendant called him from jail. We again disagree.

Defendant has pointed to no evidence in the record to cast doubt on the impartiality of the jury. The jury was instructed to disregard the statement and is presumed to have followed this instruction. See *Graves*, 458 Mich at 486. Additionally, defendant does not cite authoritative caselaw for his contention that defense counsel was ineffective for failing to request that the jurors be questioned about their impartiality.[2]

Detecting no error in defense counsel's successful handling of the questioned testimony through a timely objection, we affirm.

/s/ Thomas C. Cameron
/s/ Christopher M. Murray
/s/ Michael F. Gadola

---

[2] Defendant cites two cases in support of this argument from the United States Court of Appeals for the 10th Circuit. Neither of these cases is binding upon us and in any event neither supports defendant's claim of error.